[No. F027634. Fifth Dist. Nov. 30, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY LANCE ELLISON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II. and III.

## COUNSEL

Fay Arfa, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**LEVY, J.**—The focus of this appeal is the constitutionality of Health and Safety Code[1] section 11532. Under this section it is unlawful to loiter in any public place with the intent to commit specified offenses involving certain

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

controlled substances. Appellant asserts this statute is vague, overbroad, and contrary to the separation of powers doctrine.

However, contrary to appellant's argument, section 11532 meets all constitutional requirements. The statute provides both adequate notice of the proscribed conduct and sufficient enforcement guidelines. Further, section 11532 neither criminalizes constitutionally protected conduct nor empowers the police to determine what types of behavior constitute a crime.

## STATEMENT OF THE CASE AND FACTS

While patrolling an area known for drug trafficking, an officer assigned to the narcotics enforcement unit watched appellant engage in what appeared to be a drug transaction. When appellant saw the patrol vehicle, he threw a small object on the ground. This object was a paper bag containing a useable amount of cocaine.

The officer detained appellant and retrieved the cocaine. Appellant first gave the officer a false name but later correctly identified himself.

Appellant was charged with the felony offense of cocaine possession. (§ 11350, subd. (a).) The information also contained two misdemeanor counts based on allegations that appellant loitered in a public place with the intent to commit a narcotics offense (§ 11532) and falsely represented himself to a police officer (Pen. Code, § 148.9, subd. (a)).

Before trial, appellant entered no contest pleas to the misdemeanor charges. These pleas were entered on condition that, if appellant were convicted of cocaine possession, the sentences on the misdemeanor offenses would run concurrent with the cocaine possession sentence. Following a jury trial, appellant was found guilty of cocaine possession.

The trial court sentenced appellant to a total of four years on the cocaine possession conviction. Appellant was sentenced to 30 days for each misdemeanor conviction to be served concurrently with the possession sentence.

## DISCUSSION

I.  *The Constitutionality of Section 11532.*

Appellant challenges the constitutionality of section 11532. That section provides: "(a) It is unlawful for any person to loiter in any public place in a manner and under circumstances manifesting the purpose and with the intent

to commit an offense specified in Chapter 6 (commencing with Section 11350) and Chapter 6.5 (commencing with Section 11400)." Chapter 6 includes the offenses pertaining to controlled substances and chapter 6.5 adds controlled substance analogs to the definition of controlled substances. A controlled substance analog has a chemical structure that is substantially similar to a controlled substance. (§ 11401.)

Section 11532, subdivision (b), sets forth a nonexclusive list of circumstances that may be considered in determining whether a person is loitering with the requisite intent. These circumstances include: acting as a " 'lookout' "; transferring small objects or packages for currency in a furtive fashion; using signals or language indicative of summoning purchasers of illegal drugs; repeatedly beckoning to, stopping, attempting to stop, or engaging in conversations with passersby; and repeatedly passing to or receiving money or small objects from passersby.

Under section 11532, subdivision (c), these circumstances "should be considered particularly salient if they occur in an area that is known for unlawful drug use and trafficking, or if they occur on or in premises that have been reported to law enforcement as a place suspected of unlawful drug activity." This subdivision further provides that "no one circumstance or combination of circumstances is in itself determinative of intent. Intent must be determined based on an evaluation of the particular circumstances of each case." (§ 11532, subd. (c).)

a. *Vagueness.*

To withstand a facial vagueness challenge, a penal statute must satisfy two basic requirements. First, the statute must be definite enough to provide adequate notice of the conduct proscribed. (*Tobe* v. *City of Santa Ana* (1995) 9 Cal.4th 1069, 1106 [40 Cal.Rptr.2d 402, 892 P.2d 1145].) Ordinary people of common intelligence have to be able to understand what is prohibited by the statute and what may be done without violating its provisions. (*Id.* at pp. 1106-1107.)

Second, the statute must provide sufficiently definite guidelines. A vague law impermissibly delegates basic policy matters to the police, judges and juries for resolution on a subjective basis, with the attendant risk of arbitrary and discriminatory enforcement. (*People* v. *Superior Court* (*Caswell*) (1988) 46 Cal.3d 381, 390 [250 Cal.Rptr. 515, 758 P.2d 1046].)

However, only a reasonable degree of certainty is required. The fact that a term is somewhat imprecise does not itself offend due process. Rather, so

long as the language sufficiently warns of the proscribed conduct when measured by common understanding and experience, the statute is not unconstitutionally vague. (*People* v. *Green* (1991) 227 Cal.App.3d 692, 698-699 [278 Cal.Rptr. 140].)

Appellant contends the terms used to define a violation of section 11532 are "about as vague and uncertain as terms can be devised." According to appellant, no one can seriously argue that a person can be placed on adequate notice of the proscribed conduct based on a statute which prohibits loitering in a " 'manner and under circumstances manifesting an intent to commit' " the enumerated offenses.

■ Appellant further objects to the specification of circumstances that may be considered to determine intent. (§ 11532, subd. (b).) According to appellant, a person could be unknowingly engaging in one of these "suspect" activities for a lawful purpose. Appellant suggests, for example, that a person could be making a legitimate exchange, flagging down a car to ask for directions, or giving money to a panhandler.

In *People* v. *Superior Court* (*Caswell*), *supra*, 46 Cal.3d 381, the California Supreme Court concluded that Penal Code section 647, subdivision (d), withstood a constitutional challenge on vagueness grounds. (46 Cal.3d at p. 402.) This section, which prohibits "loiter[ing] . . . for the purpose of engaging in or soliciting any lewd or lascivious or any unlawful act," is analogous to the statute at issue here. Both sections make it unlawful to loiter with a particular specific intent.

In finding Penal Code section 647, subdivision (d), provided adequate notice of the prohibited conduct, the *Caswell* court first noted that a statute is not rendered impermissibly indefinite by its use of the word "loiter." (*People* v. *Superior Court* (*Caswell*), *supra*, 46 Cal.3d at p. 390.) The court then determined that, by embracing a specific intent requirement, the statute satisfied the " 'fair notice' prong of the void-for-vagueness test." (*Id.* at p. 392.) *Caswell* concluded that "[p]ersons of ordinary intelligence need not guess at the applicability of the section; so long as they do not linger for the proscribed purpose, they have not violated the statute." (*Id.* at p. 391.)

Similarly, in *People* v. *Pulliam* (1998) 62 Cal.App.4th 1430 [73 Cal.Rptr.2d 371], the court found Penal Code section 653.22 was not unconstitutionally vague due to lack of adequate notice. That section provides "[i]t is unlawful for any person to loiter in any public place with the intent to commit prostitution. This intent is evidenced by acting in a manner and under circumstances which openly demonstrate the purpose of inducing, enticing,

or soliciting prostitution, or procuring another to commit prostitution." The *Pulliam* court compared the statute before it to the statute analyzed in *Caswell. Pulliam* concluded that, because the intent to commit prostitution was narrower and more precise than the amorphous intent to "engage in 'any lewd or lascivious or any unlawful act,'" Penal Code section 653.22 provided sufficient notice of the prohibited conduct. (62 Cal.App.4th at p. 1434.)

The statute at issue here is nearly identical to the one considered in *People v. Pulliam.* Both sections involve a narrowly defined specific intent, i.e., the intent to possess illegal drugs versus the intent to commit prostitution. Thus, here, as in *People v. Superior Court (Caswell)* and *People v. Pulliam,* the statute provides sufficient notice of the proscribed conduct. No reasonable person could misunderstand its meaning. (Cf. *People v. Superior Court (Caswell), supra,* 46 Cal.3d at p. 391.)

Appellant also attacks the validity of section 11532 on the ground it is subject to arbitrary and discriminatory enforcement. Appellant contends this section does not provide clear objective criteria to guide police officers with regard to the criminality of a person's conduct. Thus, appellant argues, the statute provides officers with unfettered discretion. According to appellant, the police can "arrest people for otherwise legal behavior based simply on a hunch, rank speculation or a stereotypical assessment of how a person looks."

In support of his position, appellant relies on *Kolender v. Lawson* (1983) 461 U.S. 352 [103 S.Ct. 1855, 75 L.Ed.2d 903]. In *Kolender,* the statute at issue required that a loitering individual provide "'credible and reliable'" identification when stopped by police. (*Id.* at p. 359 [103 S.Ct. at p. 1859].) However, there was no standard for determining what a suspect had to do in order to satisfy this "credible and reliable" identification requirement. Thus, the statute was invalid. The absence of adequate guidelines accorded full discretion to the police to determine whether the suspect was guilty of a crime. (*Id.* at pp. 360-361 [103 S.Ct. at pp. 1859-1860].)

However, in both *People v. Superior Court (Caswell), supra,* 46 Cal.3d 381, and *People v. Pulliam, supra,* 62 Cal.App.4th 1430, the courts rejected the application of *Kolender* to statutes that prohibit loitering with a particular specific intent. When these specific intent statutes are applied, the police are not the final arbiters of whether a crime has been committed. Rather, the statute defines the elements of the offense, and the trier of fact determines whether the statute was violated. (*People v. Pulliam, supra,* 62 Cal.App.4th at p. 1436.)

Further, the listing of conduct that provides guidance for, but is not dispositive of, whether the loiterer possessed the requisite intent does not undermine the constitutionality of the statute. Although such conduct may be innocuous in itself, people are not arrested solely for engaging in such conduct. (*People* v. *Pulliam, supra,* 62 Cal.App.4th at p. 1436.) Section 11532 does not criminalize the actions listed in subdivision (b). The crime is committed by loitering with the intent to commit a specified drug offense. (§ 11532, subd. (a).)

In sum, section 11532 provides "ordinary people of common intelligence" with notice of the proscribed conduct and gives the police adequate enforcement guidelines. This conclusion is consistent with the holding and reasoning of both *People* v. *Superior Court (Caswell), supra,* 46 Cal.3d 381 and *People* v. *Pulliam, supra,* 62 Cal.App.4th 1430.

b. *Overbreadth.*

■ An overbreadth claim addresses statutes that punish constitutionally protected conduct. (*People* v. *Pulliam, supra,* 62 Cal.App.4th at p. 1437.) If a statute, on its face, criminalizes both protected and unprotected conduct, it must be narrowly construed to reach only unprotected conduct. (*People* v. *Mirmirani* (1981) 30 Cal.3d 375, 383 [178 Cal.Rptr. 792, 636 P.2d 1130].)

■ Appellant contends section 11532 is so broad that it encompasses anyone and everyone who happens to be on the street. In particular, appellant asserts section 11532 unreasonably restricts: the right to travel; the right to assemble; and the right to free speech.

The underlying premise of appellant's claim is that the statute prohibits the conduct listed as "circumstances that may be considered in determining whether a person has the requisite intent to engage in drug-related activity" in section 11532, subdivision (b). Appellant notes that these circumstances include innocuous behaviors such as loitering, engaging in conversations with passersby, transferring small objects or packages for currency in a furtive fashion, and acting as a " 'look-out.' "

However, appellant's argument is based on an incorrect construction of the statute. Section 11532 does not criminalize the conduct listed in subdivision (b). (Cf. *People* v. *Pulliam, supra,* 62 Cal.App.4th at p. 1438.) The statute prohibits loitering with the intent to commit certain drug offenses. The fact that the penalized conduct may peripherally involve speech, association, or travel does not cloak the conduct with constitutional protections that invalidate the criminal statute. (*Id.* at p. 1439.)

In sum, section 11532 does not prohibit a substantial amount of constitutionally protected conduct. Consequently, the statute is not overbroad.

### c. *Separation of Powers.*

Appellant argues section 11532 violates the separation of powers doctrine by "transforming every police officer into a 'mini-legislature' with the power to determine on an ad hoc basis what types of behavior constitute a crime." The identical argument was considered and rejected in the context of Penal Code section 647, subdivision (d), in *People v. Superior Court (Caswell), supra,* 46 Cal.3d 381.

The *Caswell* court noted that the statute did not vest law enforcement with such a power. Rather, any discretion possessed by a police officer to determine whether a crime had occurred was merely a question of probable cause to arrest. (46 Cal.3d at p. 402.) Such is also the case with section 11532.

### d. *Uniform Operation of the Law.*

Appellant claims section 11532 violates the state constitutional command that " '[a]ll laws of a general nature have uniform operation.' (Cal. Const., art. IV, [§] 16.)" Again, appellant is rearguing a point that was rejected by *People v. Superior Court (Caswell), supra,* 46 Cal.3d 381.

In *Caswell,* the defendants asserted Penal Code section 647, subdivision (d), was so uncertain that it would result in inconsistent prosecution. However, the court found this argument to be unpersuasive. The court concluded the terms " 'loiter' " and " 'lewd intent' " were sufficiently clear to avoid any problems under the uniform-operation-of-law provision in the state Constitution. (*People v. Superior Court (Caswell), supra,* 46 Cal.3d at p. 402.) Similarly here, the definition of the proscribed conduct is clear enough to avoid an uneven application of the law.

II., III*

. . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 203.

## DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Vartabedian, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 9, 1999. Mosk, J., was of the opinion tha the petition should be granted.