[No. H021888. Sixth Dist. Mar. 8, 2002.]

VINOD PATEL, Plaintiff and Appellant, v.
CITY OF GILROY, Defendant and Respondent.

## Counsel

Frank A. Weiser for Plaintiff and Appellant.

Berliner Cohen, Linda A. Callon and Jolie Houston for Defendant and Respondent.

## OPINION

ELIA, J.—Vinod Patel, owner of the Pacheco Pass Motel in Gilroy, appeals from a judgment upholding the tax assessments imposed on the motel by the City of Gilroy (City). Appellant contends that the ordinance that created and defined the tax is unconstitutionally vague. We disagree and affirm the judgment.

### Background

In June 1998, following an audit, the City notified appellant that he owed $26,292.33 in delinquent taxes, interest and penalties, under the city's Transient Occupancy Tax ordinance, Gilroy City Code section 25A.1 et. seq.[1] The ordinance requires the proprietor of each "hotel" to collect, along with the rent, a 9 percent tax from each "transient" for the privilege of "occupancy" in the hotel.[2] (§ 25A.2.)

After a hearing in August 1998, the administrative services director (Director) found that appellant owed the City $10,965.36, attributable to exemptions improperly claimed for the three-year audit period ending December 1, 1996, plus interest. The Director noted that the motel kept "very erratic" records, and that there were no written agreements for stays of more than 30 days, which would have allowed an exemption from the tax. However, the Director also noted that many of the hotel patrons had in fact stayed longer than 30 days, as reflected in the room rental cards. The Director further found that appellant had collected some tax, which he had included in the room rate without itemizing it on the rental cards. Consequently, the Director allowed an exemption from the tax for all of the patrons who appeared to have stayed more than 30 consecutive days. The Director declined to impose penalties, finding no intent to underreport taxes.

---

[1] All further unspecified section references are to the Gilroy City Code.

[2] Section 25A.2 specifically states: "For the privilege of occupancy in any hotel, each transient is subject to and shall pay a tax in the amount of nine (9) per cent of the rent charged by the operator. Said tax constitutes a debt owed by the transient to the city which is extinguished only by payment to the operator or to the city. The transient shall pay the tax to the operator of the hotel at the time the rent is paid. If the rent is paid in installments, a proportionate share of the tax shall be paid with each installment. The unpaid tax shall be due upon the transient's ceasing to occupy space in the hotel. If for any reason the tax due is not paid to the operator of the hotel, the director of finance may require such tax [to] be paid directly to the director of finance."

Appellant filed a timely appeal to the Gilroy City Council, which conducted a hearing and upheld the Director's findings. In January 1999, appellant, together with the owners of the Leavesley Inn,[3] filed a petition for a writ of mandate and complaint for declaratory and injunctive relief. The petitioners alleged that the assessment violated their rights to due process and equal protection, and that the Transient Occupancy Tax ordinance was facially void for vagueness.

In August 1999 the City filed its own complaint to recover the amounts found due by the Director and the city council, along with the interest that had continued to accrue.[4] Pursuant to a stipulation by the parties, the court ordered that the outcome of the proceedings against the City would control the outcome of the City's collection lawsuit against appellant. As part of the stipulation the parties acknowledged that if the City prevailed, it would be entitled to recover the amount found due by the Director, plus accrued interest. On June 20, 2000, the court entered judgment in favor of the City, finding the Transient Occupancy Tax ordinance to be "valid and constitutional."

## Discussion

■■■ An enactment may be declared unconstitutionally vague under the due process clauses of the United States Constitution and the California Constitution (U.S. Const., Amends V, XIV; Cal. Const., art. I, § 7) "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits [or] if it authorizes or even encourages arbitrary and discriminatory enforcement." (*Hill v. Colorado* (2000) 530 U.S. 703, 732 [120 S.Ct. 2480, 2498, 147 L.Ed.2d 597]; *Chicago v. Morales* (1999) 527 U.S. 41, 56 [119 S.Ct. 1849, 1859, 144 L.Ed.2d 67, 72 A.L.R.5th 665]; *People v. Castenada* (2000) 23 Cal.4th 743, 751 [97 Cal.Rptr.2d 906, 3 P.3d 278].) A tax law in particular " 'must prescribe a standard sufficiently definite to be understandable to the average person who desires to comply with it. [Citation.]' " (*State Bd. of Equalization v. Wirick* (2001) 93 Cal.App.4th 411, 420 [112 Cal.Rptr.2d 919].) **(2a)** We therefore must consider whether chapter 25A of the Gilroy City Code (the Transient Occupancy Tax ordinance) gives fair notice of the tax collection and reporting requirements and provides reasonably adequate standards to guide enforcement. (*State Bd. of Equalization,* at p. 419, quoting *Fisher v. City of Berkeley* (1984) 37 Cal.3d 644, 702 [209 Cal.Rptr. 682, 693 P.2d 261]; *City*

---

[3]This appeal is being considered with *City of Gilroy v. Vinod Patel* (doing business as Oaks Motel), H021900, and *City of Gilroy v. Leavesley Ocean-Inn Investors,* H021889.

[4]The complaint is not in the clerk's transcript on appeal, but is referred to by the court in its subsequent order.

*of San Bernardino Hotel/Motel Assn. v. City of San Bernardino* (1997) 59 Cal.App.4th 237, 245 [69 Cal.Rptr.2d 97].)

The primary focus of the parties' dispute is the definition of the terms used in section 25A.1—specifically, "hotel," "occupancy," and "transient." From 1994 to 1996, the period for which appellant was audited, "hotel" was defined as "any structure, or any portion of any structure, which is occupied or intended or designed for occupancy by transients for dwelling, lodging or sleeping purposes, and includes any hotel, inn, tourist home or house, motel, studio hotel, bachelor hotel, lodging house, rooming house, apartment house, dormitory, public or private club, mobile home or house trailer at a fixed location, or other similar structure or portion thereof." (Former § 25A.1; Ord. No. 928, § 1 (1971).)[5] The term "occupancy" refers to "the use or possession, or the right to the use or possession of any room or rooms or portions thereof, in any hotel for dwelling, lodging or sleeping purposes." (§ 25A.1.) And a "transient" is "any person who exercises occupancy or is entitled to occupancy by reason of concession, permit, right of access, license or other agreement for a period of thirty (30) consecutive calendar days or less, counting portions of calendar days as full days. Any such person so occupying space in a hotel shall be deemed to be a transient until the period of thirty (30) days has expired unless there is an agreement in writing between the operator and the occupant providing for a longer period of occupancy. In determining whether a person is a transient, uninterrupted periods of time extending both prior and subsequent to the effective date of this chapter may be considered." (§ 25A.1.)

Appellant contends that these terms are "hopelessly confusing" because they are defined in a circular way and fail to distinguish temporary living arrangements from permanent ones. The definitions of "hotel" and "occupancy," for example, are flawed because they contain the words "dwelling" and "lodging," which imply *either* a temporary or a permanent situation. The 30-day restriction in the definition of "transient" is inadequate to clarify the reach of the tax, appellant adds, because it suggests that a tenant of an apartment on a month-to-month arrangement must pay the tax for the first 30 days, a situation not intended by the lawmakers. "It is only on day 31, when the renter pays the second month's rent, that the owner may safely assume no tax is due. But the Ordinance chose to use the words 'hotel' and 'transient', which apparently was intended to exclude this hypothetical."

Appellant's argument is self-defeating, as it expressly invokes a "hypothetical" scenario appellant himself does not face. Whether a month-to-month apartment rental would create confusion in the lessor and lessee is not

---

[5] "Hotel" now includes a recreational vehicle park. (§ 25A.1, Ord. No. 97-9, § I (Oct. 20, 1997).)

the problem presented here. Rather, here the only issue was whether appellant failed to collect tax for those guests who stayed in his motel for 30 or fewer days without a written agreement for a longer stay. ■■■ Appellant "cannot prevail by simply suggesting hypothetical situations in which constitutional problems *may* arise." (*People v. Sipe* (1995) 36 Cal.App.4th 468, 481 [42 Cal.Rptr.2d 266], italics added.) "[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid 'in the vast majority of its intended applications.'" (*Hill v. Colorado, supra*, 530 U.S. at p. 733 [120 S.Ct. at p. 2498]; see also *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1109 [40 Cal.Rptr.2d 402, 892 P.2d 1145] [unless law sweeps in substantial amount of constitutionally protected conduct, facially vague law must be invalid in all respects and applications]; *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1201 [246 Cal.Rptr. 629, 753 P.2d 585] [in facial vagueness challenge party must demonstrate vagueness in "all of its applications," not just some instances of uncertainty or ambiguity]; cf. *American Academy of Pediatrics v. Lungren* (1997) 16 Cal.4th 307, 347-348 [66 Cal.Rptr.2d 210, 940 P.2d 797].)

■■■ Appellant maintains, however, that we must exercise stricter scrutiny of the ordinance because it prescribes criminal penalties for violations.[6] (*Kolender v. Lawson* (1983) 461 U.S. 352, 358, fn. 8 [103 S.Ct. 1855, 1858-1859, 75 L.Ed.2d 903] [where a statute imposes criminal penalties, the standard of certainty is higher].) ■■■ Penal enactments are given greater scrutiny when their enforcement threatens the exercise of constitutional rights, such as freedom of expression or freedom of movement. (*Chicago v. Morales, supra*, 527 U.S. at p. 55 [119 S.Ct. at p. 1858]; *Tobe v. City of Santa Ana, supra*, 9 Cal.4th at p. 1095.) But where no such constitutional rights are at stake, it is the facts of the case and not hypothetical situations that determine the viability of a vagueness challenge. (*Chapman v. United States* (1991) 500 U.S. 453, 467 [111 S.Ct. 1919, 1928-1929, 114 L.Ed.2d 524]; *People v. Sipe, supra*, 36 Cal.App.4th at p. 481.) Thus, if the conduct with which appellant is charged falls clearly within the bounds of the ordinance, appellant may not be heard to complain. (*Tobe v. City of Santa Ana, supra*, 9 Cal.4th at p. 1095.)

Even considering appellant's challenge as properly presented, we do not find the ordinance unconstitutionally vague. Appellant acknowledges that the Transient Occupancy Tax ordinance is presumed to be valid and must be

---

[6]In addition to prescribing monetary penalties for noncompliance, the ordinance originally declared any violation of the ordinance a misdemeanor punishable by a $500 fine or imprisonment, or both. The current version of the ordinance declares such a violation to be an infraction.

upheld unless its unconstitutionality " 'clearly, positively and unmistakably appears.' " (*Hale v. Morgan* (1978) 22 Cal.3d 388, 404 [149 Cal.Rptr. 375, 584 P.2d 512]; *Tobe v. City of Santa Ana, supra,* 9 Cal.4th at p. 1102; *Voters for Responsible Retirement v. Board of Supervisors* (1994) 8 Cal.4th 765, 780 [35 Cal.Rptr.2d 814, 884 P.2d 645].) Furthermore, even when criminal penalties apply, a statute or ordinance will be upheld against a vagueness challenge " ' " ' " "if any reasonable and practical construction can be given its language." . . .' " ' " (*State Bd. of Equalization v. Wirick, supra,* 93 Cal.App.4th at p. 420; *People v. Townsend* (1998) 62 Cal.App.4th 1390, 1400-1401 [73 Cal.Rptr.2d 438]; *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 [60 Cal.Rptr.2d 277, 929 P.2d 596].) We are bound to give the ordinance before us "a liberal, practical common-sense construction . . . in accordance with the natural and ordinary meaning of its words." (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].)

In this case, appellant argues, the ordinance "is so vague that a hotel/motel operator cannot determine how to avoid the tax and properly comply with its requirements and that the respondent cannot avoid arbitrary enforcement." Specifically, as noted above, the ordinance uses circular definitions of "hotel" and "transient" and fails to distinguish between a person living from day to day or week to week in a motel and a person living in an apartment on a month-to-month tenancy. In addition, the provision for an "agreement in writing" is not defined, thereby adding to the "definitional confusion between 'transient' and 'permanent' occupancy." The "Exemptions" provision, section 25A.3, "further exacerbates the problem of vagueness and circularity" because it "does not set forth adequate guidelines or definitions as to which class of 'persons' or 'occupancy' it is 'beyond the City [*sic*] to impose the tax.' "[7]

Appellant relies principally on *City of San Bernardino Hotel/Motel Assn. v. City of San Bernardino, supra,* 59 Cal.App.4th 237, where the Fourth District, Division Two, found a hotel tax ordinance deficient because it inadequately defined "hotel," "occupancy," and "transient." He also cites *Britt v. City of Pomona* (1990) 223 Cal.App.3d 265 [272 Cal.Rptr. 724], where the Second District, Division Three, invalidated an ordinance on vagueness grounds based on the "circular" definitions of "hotel" and "transient" which failed to distinguish temporary occupants from long-term residents in identifying who was subject to the tax.

---

[7]Section 25A.3, "Exemptions," precludes imposition of the tax on "[a]ny person as to whom, or any occupancy as to which, it is beyond the power of the city to impose the tax herein provided." (§ 25A.3(a).) Also exempted are officers and employees of foreign governments if they are made exempt by an "express provision of federal law or international treaty."

The ordinance before us does not present the same interpretative difficulties as those examined in *San Bernardino* and *Britt*. In *Britt*, the City of Pomona used the term "dwelling" in the definition of "hotel," thus making it appear that permanent residents also had to pay the tax. Significantly, however, the definitions of the terms "hotel," "occupancy," and "transient" did not confine the tax to those occupying a hotel for any specific period.[8] Thus, it was readily susceptible of an interpretation that a person "dwelling" in the hotel on a long-term basis was subject to the tax. (*Britt v. City of Pomona, supra*, 223 Cal.App.3d at p. 279.) The use of the term "transient" added circularity, not clarity, because a transient was defined as one who occupied a "hotel," while a "hotel" was a structure designed for occupancy by transients. In *San Bernardino* the central problem was not just that the ordinance used the term "dwelling" in the definition of "occupancy." Rather, the ordinance was confusing because it described a transient as a person who occupied a hotel for a period of 90 days or less *and* one who occupied the hotel for more than 90 days without a written agreement for "permanent" occupancy. Both "agreement in writing" and "permanent occupancy" were vague, as it was not clear to the court what kind of writing could qualify as a written agreement and "permanent" meant "any definite period of time," except for the first 90 days in certain kinds of facilities. (*City of San Bernardino Hotel/Motel Assn. v. City of San Bernardino, supra*, 59 Cal.App.4th at pp. 249-250.) The court also acknowledged the hotel/motel association's argument that the definitions of "hotel" and "transient" were "needlessly contradictory" because the former included occupancy for no more than 30 days,[9] while the latter included occupancy for 90 days or (in some circumstances) more. (59 Cal.App.4th at p. 249.)

The Gilroy ordinance does not suffer from these infirmities. It is true that the definitions of "hotel" and "occupancy" refer to "dwelling" as well as "lodging or sleeping" purposes, but the tax applies solely to those who occupy a hotel "for a period of thirty (30) consecutive calendar days or less." There is no confusing 90-day period as in *San Bernardino*; the hotel guest is invariably deemed to be a transient until the first 30 days have passed, even if he or she appears to be "dwelling" in the hotel for that period.[10] That the provision may require tax on a tenant's rent for the first 30 days does not

---

[8]The contested ordinances were the result of amendments that had eliminated the city's previous limitation of the occupancy period. Before the 1987 and 1988 amendments the ordinance had defined "transient" as a person who occupied a lodging for a period of 30 days or less. (*Britt v. City of Pomona, supra*, 223 Cal.App.3d at p. 270.)

[9]The association's complaint referred to a definition of "hotel" that appeared to encompass mobilehomes and house trailers in mobilehome parks occupied for 30 or fewer days. (*City of San Bernardino Hotel/Motel Assn. v. City of San Bernardino, supra*, 59 Cal.App.4th at p. 246.)

[10]Although appellant suggests the City could not have intended to require the tax for the first 30 days of a longer stay, the language of this section appears to state otherwise: any

make it impermissibly vague. Furthermore, a written agreement providing for a longer occupancy will remove the rental arrangement from the reach of the ordinance. This exemption provision is not as ambiguous as that of the *San Bernardino* ordinance, which inadequately defined "permanent" as well as "agreement in writing" in the context of the convoluted definition of "transient." (*San Bernardino Hotel/Motel Assn. v. City of San Bernardino, supra,* 59 Cal.App.4th at p. 249.)

The "Exemptions" provision, section 25A.3, is hardly a model of clarity in exempting whoever is "beyond the power of the city to impose the tax." ▮ Nevertheless, "[t]he fact that a term is somewhat imprecise does not itself offend due process. Rather, so long as the language sufficiently warns of the proscribed conduct when measured by common understanding and experience, the statute is not unconstitutionally vague." (*People v. Ellison* (1998) 68 Cal.App.4th 203, 207-208 [80 Cal.Rptr.2d 120]; see also *People v. Hazelton* (1996) 14 Cal.4th 101, 109 [58 Cal.Rptr.2d 443, 926 P.2d 423] [mere fact that statute requires interpretation does not make it unconstitutionally vague].) "[B]ecause we are '[c]ondemned to the use of words, we can never expect mathematical certainty from our language.' " (*Hill v. Colorado, supra,* 530 U.S. at p. 733 [120 S.Ct. at p. 2498].) "Many, probably most, statutes are ambiguous in some respects and instances invariably arise under which the application of statutory language may be unclear. So long as a statute does not threaten to infringe on the exercise of First Amendment or other constitutional rights, however, such ambiguities, even if numerous, do not justify the invalidation of a statute on its face." (*Evangelatos v. Superior Court, supra,* 44 Cal.3d at p. 1201.)

▮ Here the Director expressed no confusion in determining that appellant had not entered into any written agreements with patrons who had stayed in the motel for a period shorter than 31 days; nor did he appear to have any difficulty construing the ordinance to require the collection of tax from those guests. We do not believe that the exemption provision alone makes it impossible for a hotel operator to comply with his or her duty to collect the transient occupancy tax or that it promotes arbitrary enforcement of the law.

In summary, appellant has not demonstrated the facial invalidity of the ordinance on constitutional vagueness grounds. Because " 'it is clear what

---

person occupying space in a hotel "shall be deemed to be a transient until the period of thirty (30) days has expired unless there is an agreement in writing between the operator and the occupant providing for a longer period of occupancy." Thus, the tax need not be collected for the first 30 days only if there is a written agreement providing for a stay of longer than 30 days.

the ordinance as a whole prohibits,'" and because the ordinance is "surely valid 'in the vast majority of its intended applications,' " his facial vagueness claim must be rejected. (*Hill v. Colorado, supra,* 530 U.S. at p. 733 [120 S.Ct. at p. 2498].) The superior court properly upheld the tax assessments against appellant.

## Disposition

The judgment is affirmed.

Premo, Acting P. J., and Mihara, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 12, 2002.