[No. B163924. Second Dist., Div. Five. Nov. 24, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTIN O. MACIEL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Procedural Background, Facts, and sections II. through IV. of the Discussion.

680

**COUNSEL**

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Marc E. Turchin, Michael C. Keller and Richard S. Moskowitz, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GRIGNON, J.**—Defendant and appellant Martin Maciel appeals from a judgment after a jury trial in which he was convicted of attempted spousal rape (Pen. Code, §§ 664, 262, subd. (a)(1)), criminal threats (Pen. Code, § 422), and other offenses, arising out of an attack on his estranged wife. On the night in question, defendant lay in wait outside the house of his estranged wife. When she returned home, he struck her repeatedly, forced her into the house, shoved her onto the bed, ripped off her clothing, and held a pillow over her mouth. He threatened to rape, then kill her. Eventually, she escaped. Defendant contends his conviction for criminal threats must be reversed as Penal Code section 422 is unconstitutionally vague. In the published portion of this opinion, we conclude Penal Code section 422 is sufficiently certain and definite to withstand a facial vagueness challenge. In the unpublished portion of this opinion, we reject defendant's remaining contentions. We affirm.

### PROCEDURAL BACKGROUND–FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 628.

## DISCUSSION

### I. *Vagueness*

Defendant contends Penal Code section 422 is unconstitutionally vague on its face.[1] Defendant asserts that the statute's language fails to advise individuals as to those threats proscribed and grants unfettered discretion to law enforcement to determine those statements that constitute threats. We conclude the statute is sufficiently certain and definite to provide notice and prevent arbitrary enforcement.[2]

### A. *Penal Code Section 422*

Penal Code section 422 prohibits criminal threats. It provides, in pertinent part: "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety" is guilty of a crime.

The crime of criminal threats may be divided into five constituent elements. (*People v. Toledo* (2001) 26 Cal.4th 221, 227 [109 Cal.Rptr.2d 315, 26 P.3d 1051].) "In order to prove a violation of [Penal Code] section 422, the prosecution must establish all of the following: (1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat—which may be 'made verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was]

---

[1] Penal Code section 422 is not unconstitutionally overbroad. (*People v. Toledo* (2001) 26 Cal.4th 221, 233 [109 Cal.Rptr.2d 315, 26 P.3d 1051].)

[2] It is not entirely clear whether defendant may challenge Penal Code section 422 on the ground of facial vagueness in light of his threat to kill the victim, a threat clearly encompassed by the statute. (*Zuckerman v. State Bd. of Chiropractic Examiners* (2002) 29 Cal.4th 32, 39 [124 Cal.Rptr.2d 701, 53 P.3d 119]; *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1095–1096 [40 Cal.Rptr.2d 402, 892 P.2d 1145]; *In re Cregler* (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]; *Patel v. City of Gilroy* (2002) 97 Cal.App.4th 483, 488 [118 Cal.Rptr.2d 354].) The parties have not raised this issue. We will assume defendant may make a facial vagueness challenge.

made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,' (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances." (*Id.* at pp. 227–228.) A criminal threat is the communication of an intent to inflict death or great bodily injury on another with the intent to cause the listener to believe death or great bodily injury will be inflicted on the person or a member of the person's immediate family. (*Id.* at p. 233.) "A violation of [Penal Code] section 422 requires . . . the defendant [to] willfully threaten[] to kill or seriously injure another person." (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1023 [109 Cal.Rptr.2d 464].)

### B. *Due Process*

"The Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution, each guarantee that no person shall be deprived of life, liberty, or property without due process of law. This constitutional command requires 'a reasonable degree of certainty in legislation, especially in the criminal law . . . .' [Citation.] '[A] penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " (*People v. Heitzman* (1994) 9 Cal.4th 189, 199 [37 Cal.Rptr.2d 236, 886 P.2d 1229].) If a criminal statute is not sufficiently certain and definite, it is unconstitutionally vague and therefore void. A criminal statute is unconstitutionally vague on its face only if it is " 'impermissibly vague in *all of its applications*.' " (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116 [60 Cal.Rptr.2d 277, 929 P.2d 596].)

"It is established that in order for a criminal statute to satisfy the dictates of due process, two requirements must be met. First, the provision must be definite enough to provide a standard of conduct for those whose activities are proscribed. [Citations.] Because we assume that individuals are free to choose between lawful and unlawful conduct, 'we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly. Vague laws trap the innocent by not providing fair warning.' " (*People v. Heitzman, supra,* 9 Cal.4th at p. 199.)

"Second, the statute must provide definite guidelines for the police in order to prevent arbitrary and discriminatory enforcement. [Citations.] When the Legislature fails to provide such guidelines, the mere existence of a criminal

statute may permit a ' "standardless sweep" ' that allows police officers, prosecutors and juries ' "to pursue their personal predilections." ' " (*People v. Heitzman, supra,* 9 Cal.4th at pp. 199–200.)

"[I]n determining whether the relevant language [of the statute] is sufficiently certain to meet the constitutional requirement of fair notice, 'we look first to the language of the statute, then to its legislative history, and finally to the California decisions construing the statutory language.' " (*People v. Heitzman, supra,* 9 Cal.4th at p. 200.) The language of the statute must be construed in context. (*People ex rel. Gallo v. Acuna, supra,* 14 Cal.4th at p. 1116.) "A contextual application of otherwise unqualified legal language may supply the clue to a law's meaning, giving facially standardless language a constitutionally sufficient concreteness." (*Ibid.*) It is not appropriate to take a single element in a criminal statute out of context and ignore the other elements that must be present in order to trigger the statute's provisions. (*People v. Halgren* (1996) 52 Cal.App.4th 1223, 1231 [61 Cal.Rptr.2d 176].)

"Statutes are presumed valid and must be upheld unless their constitutionality is positively and unmistakenly demonstrated." (*People v. Basuta* (2001) 94 Cal.App.4th 370, 397 [114 Cal.Rptr.2d 285].) "A law is void for vagueness only if it 'fails to provide adequate notice to those who must observe its strictures' and ' "impermissibly delegates basic policy matters to police[ officers], judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*People v. Rubalcava* (2000) 23 Cal.4th 322, 332 [96 Cal.Rptr.2d 735, 1 P.3d 52].) "Inasmuch as ' "[w]ords inevitably contain germs of uncertainty," ' mathematical precision in the language of a penal statute is not a sine qua non of constitutionality." (*In re M.S.* (1995) 10 Cal.4th 698, 718 [42 Cal.Rptr.2d 355, 896 P.2d 1365].)

■ A specific intent requirement in a criminal statute generally mitigates any potential vagueness in the statute. (*In re M.S., supra,* 10 Cal.4th at p. 718.) A criminal statute is not unconstitutionally vague merely because its intent element must be proved by circumstantial evidence. (*Ibid.*) A criminal statute that prohibits a threat made with the specific intent to place the victim reasonably in fear of death or great bodily injury is not unconstitutionally vague. (*People v. Heilman* (1994) 25 Cal.App.4th 391, 401 [30 Cal.Rptr.2d 422].) In such a statute, "it is the perpetrator's intent, rather than the definition of the conduct engaged in, which triggers the applicability of the statute. [Citations.] The intent element of [the statute] ensures law enforcement officials do not have boundless discretion in defining the crime." (*Ibid.*)

### C. *Construction of Challenged Language*

Defendant challenges as vague the language in Penal Code section 422, "willfully threatens to commit a crime which will result in death or great bodily injury." We construe the challenged language in context, taking into account the other elements that must be established in order for the statute to be triggered. ■ Penal Code section 422 does not criminalize all threats of crimes that will result in death or great bodily injury, leaving to law enforcement to determine those threats that will result in arrest. Instead, the statute criminalizes only those threats that are "so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety." This language means that not all threats of crimes that will result in great bodily injury are criminalized, but only serious threats, intentionally made, of crimes likely to result in immediate great bodily injury. Moreover, the statute also includes a specific intent element: "with the specific intent that the statement . . . is to be taken as a threat." A statute that criminalizes threats of crimes that will result in great bodily injury with the intent to place the victim in sustained fear for personal safety or the safety of immediate family members adequately advises an individual and law enforcement of the conduct prohibited by the statute. One who willfully threatens violence against another, intending that the victim take the threat seriously and be fearful, cannot reasonably claim to be unaware that the conduct was prohibited.

### D. *"Crime Which Will Result In"*

Even were we to view the challenged language out of context, we would conclude it is not vague. The phrase "crime which will result in great bodily injury" means the crime, if committed, would result in great bodily injury. (CALJIC No. 9.94.) "[T]here is no requirement that a specific crime or Penal Code violation be threatened." (*People v. Butler* (2000) 85 Cal.App.4th 745, 755 [102 Cal.Rptr.2d 269].) The phrase "willfully threatens to commit a crime" is included in the criminal threats statute in order to criminalize those threats that truly pose a danger to society and thus pass muster under the First Amendment. (*Bulter*, at p. 757.) The phrase "will result in great bodily injury" means objectively, i.e., to a reasonable person, likely to result in great bodily injury based on all the surrounding circumstances. (*People v. Basuta, supra,* 94 Cal.App.4th at pp. 397–398; *People v. Albritton* (1998) 67 Cal.App.4th 647, 657–658 [79 Cal.Rptr.2d 169]; *People v. Covino* (1980) 100 Cal.App.3d 660, 668 [161 Cal.Rptr. 155].) Such language is not unconstitutionally vague. (*People v. Covino, supra,* 100 Cal.App.3d at p. 668 [Pen. Code, § 245, subd. (a)]; *People v. Basuta, supra,* 94 Cal.App.4th at pp. 397–398 [Pen. Code,

§ 273ab]; *People v. Albritton, supra,* 67 Cal.App.4th at pp. 657–658 [same].) An objective standard of reasonableness provides a sufficiently reliable guide to individuals and law enforcement. (*Williams v. Garcetti* (1993) 5 Cal.4th 561, 572–573 [20 Cal.Rptr.2d 341, 853 P.2d 507].)

### E. "Great Bodily Injury"

Similarly, the phrase "great bodily injury" standing alone is not vague. "The term 'great bodily injury' has been used in the law of California for over a century without further definition and the courts have consistently held that it is not a technical term that requires further elaboration." (*People v. La Fargue* (1983) 147 Cal.App.3d 878, 886–887 [195 Cal.Rptr. 438].) The phrase "great bodily injury" means "a significant or substantial physical injury." (See Pen. Code, § 12022.7, subd. (f).) The phrase "great bodily injury" is "sufficiently certain and definite to meet the constitutional requirements" and avoid vagueness. (*People v. Roberts* (1981) 114 Cal.App.3d 960, 963 [170 Cal.Rptr. 872].)

### F. Conclusion

Penal Code section 422, prohibiting criminal threats, is sufficiently certain and definite in context to provide actual notice to individuals of the prohibited conduct and minimal guidelines for law enforcement to prevent arbitrary and discriminatory application of the statute. In addition, the specific phrases challenged by defendant, "crime which will result in" and "great bodily injury," are not vague even when considered in isolation. We conclude the statute is not constitutionally vague.[3]

II.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Turner, P. J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 24, 2004,

---

[3] Defendant relies on a case in which the Nebraska Supreme Court voided Nebraska's criminal threats statute as unconstitutionally vague. (*State v. Hamilton* (1983) 215 Neb. 694 [340 N.W.2d 397].) The Nebraska Supreme Court was to some extent concerned with language similar to the language challenged in this case. (*Id.* at pp. 398–399.) However, the challenged Nebraska statute did not include language that the victim must take the threat seriously or any intent element. Subsequently, the Nebraska legislature adopted a new criminal threats statute modeled on the Model Penal Code and including a specific intent element. The Nebraska Supreme Court concluded that this revised statute did not suffer from unconstitutional vagueness. (*State v. Schmailzl* (1993) 243 Neb. 734 [502 N.W.2d 463, 465–467].)

*See footnote, *ante,* page 628.