[No. A114803. First Dist., Div. Three. Mar. 16, 2007.]

ALEX KUMAR et al., Petitioners, v.
THE SUPERIOR COURT OF SONOMA COUNTY, Respondent;
CITY OF CLOVERDALE, Real Party in Interest.

COUNSEL

Frank A. Weiser for Petitioners.

No appearance for Respondent.

Meyers, Nave, Riback, Silver & Wilson, Eric W. Danly, Joseph M. Quinn and Nancy Thorington for Real Party in Interest.

## OPINION

**PARRILLI, J.**—Alex Kumar and the custodians of records of Best Vineyard Valley Inn and Cloverdale Oaks Inn (collectively Petitioners) petition this court for extraordinary relief from an order of the Sonoma County Superior Court. The superior court ordered Petitioners to comply with legislative subpoenas issued by the City of Cloverdale (City) for the production of business records necessary for auditing their compliance with the City's transient occupancy tax (TOT). We shall deny the relief sought.

### BACKGROUND

In 1969, the City of Cloverdale passed ordinance No. 257 (the Ordinance) and enacted its TOT on rooms occupied in hotels, inns, motels and other lodgings for a period of less than 30 consecutive calendar days. Transients pay a tax of 10 percent of the rent charged by the operator (proprietor) of the facility. The Ordinance requires operators to collect the tax and provide returns to the City's tax administrator showing total rents charged and received and the amount of tax collected for transient occupancies. The Ordinance requires operators to keep and preserve for a period of three years all records necessary to determine the TOT the operator should have collected and paid to the City.

During December 2005, the City attempted to conduct an audit to gauge Petitioners' compliance with the requirements of the TOT. Petitioners informed the City it would not disclose its books and records. On February 22, 2006, in response to Petitioners' refusal to comply with the audit, the city council adopted resolution No. 21-2006, authorizing the mayor to issue legislative subpoenas requiring Petitioners to produce books and records pertinent to collection of the TOT. The subpoenas were served on Petitioners on March 1, 2006. The subpoenas ordered Petitioners to appear with their records at the city council meeting on March 8, 2006. Petitioners informed the city attorney by letter of March 7, 2006, they would not be appearing before the city council and would not produce the records.

On March 27, 2006, the City filed a mayor's report to the judge of the superior court pursuant to Government Code section 37106 relating essentially the matters described above.[1] On April 20, 2006, the City filed an ex parte application for issuance of attachments regarding legislative subpoena together with an application and order for appearance and examination. The

---

[1] Government Code section 37106 states: "If any person duly subpenaed neglects or refuses to obey a subpena, or, appearing, refuses to testify or answer any questions which a majority of the legislative body decide proper and pertinent, the mayor shall report the fact to the judge of the superior court of the county."

trial court ordered Petitioners to appear on June 2, 2006, to answer concerning the legislative subpoenas issued by the City. On May 22, 2006, Petitioners filed a response to order to show cause regarding the City's request for enforcement of the legislative subpoenas. In their response, Petitioners mounted various constitutional challenges to the TOT. On May 25, 2006, the City filed a reply to the response to order to show cause. The trial court held a hearing on the matter on June 21, 2006. On June 23, 2006, the trial court issued an order enforcing legislative subpoenas requiring Petitioners to comply with the City's audit request for financial records to determine compliance with the City's TOT. On June 29, 2006, the City filed a notice of entry of order enforcing legislative subpoenas. Petitioners filed a notice of appeal against the trial court's order on July 13, 2006. On August 16, 2006, the City filed in this court a motion to dismiss the appeal and Petitioners filed an opposition on August 30, 2006. On September 7, 2006, in the interests of judicial economy and expediency, we construed Petitioner's notice of appeal as a petition for extraordinary writ and set a briefing schedule. Petitioners filed their writ petition and memorandum of points and authorities in support on October 20, 2006. The City filed a return and opposition on November 20, 2006.

## DISCUSSION

## I

Petitioners contend the City's TOT is unconstitutionally void in violation of the due process clause of the United States Constitution. Specifically, Petitioners take issue with the Ordinance's definition of "hotel" because it includes the terms "dwelling" and "lodging," terms which "by definition imply permanent residency" according to Petitioners. Petitioners assert these definitions render the Ordinance "hopelessly circular" and mean that the TOT is due "even in some genuine permanent residency situations." Thus, according to Petitioners, the TOT is constitutionally infirm like those in *City of San Bernardino Hotel/Motel Assn. v. City of San Bernardino* (1997) 59 Cal.App.4th 237 [69 Cal.Rptr.2d 97] (*City of San Bernardino*) and *Britt v. City of Pomona* (1990) 223 Cal.App.3d 265 [272 Cal.Rptr. 724] (*City of Pomona*).

In assessing Petitioners' facial attack on the validity of the Ordinance, we consider " 'only the text of the measure itself, not its application to the particular circumstances of an individual.' [Citation.] A vagueness challenge will be rejected if the challenged ordinance '(1) gives fair notice of the practice to be avoided, and (2) provides reasonably adequate standards to guide enforcement.' " (*City of San Bernardino, supra,* 59 Cal.App.4th at p. 245.) Moreover, "a statute or ordinance will be upheld against a vagueness challenge ' " ' " 'if any reasonable and practical construction can be given its

language . . .' . . ." ' " ' [citations] [and w]e are bound to give the ordinance before us 'a liberal, practical common-sense construction . . . in accordance with the natural and ordinary meaning of its words.' " (*Patel v. City of Gilroy* (2002) 97 Cal.App.4th 483, 489 [118 Cal.Rptr.2d 354] (*Gilroy*).)

Viewed against these standards, Petitioners' contentions are untenable. The ordinances at issue in *City of Pomona* and *City of San Bernardino* were replete with inconsistent and contradictory terms that are simply not present in the City's Ordinance. In *City of Pomona,* the TOT at issue, although "directed at transients, in actuality includes persons living in 'hotels' who . . . are not in fact transients." (*City of Pomona, supra,* 223 Cal.App.3d at pp. 278–279.) Moreover, the Court of Appeal noted "the text of the ordinance appears to address both transients and persons in residence" which was further complicated by "the fact that the definition of 'transient' is of no guidance . . . a 'transient' is one who occupies a 'hotel,' while a 'hotel' is a structure which is occupied or intended to be occupied by 'transients.' The definitions are circular." (*Id.* at p. 279.) Also, as recognized in *City of Vacaville v. Pitamber* (2004) 124 Cal.App.4th 739 [21 Cal.Rptr.3d 396] (*City of Vacaville*), the problem with the TOT in *City of San Bernardino* "was that the definitional sections of the ordinance were so confusing that they failed to give adequate notice of what conduct was required. For example, the ordinance defined 'hotel' as a structure designed for occupancy on a transient basis for 30 days or less, but also defined 'transient' as a person exercising occupancy for 90 days or less." (*City of Vacaville*, at p. 745.)

The Ordinance here contains no such infirmities. "Hotel" is defined as "any structure . . . which is occupied or intended or designed for occupancy by transients for dwelling, lodging, or sleeping purposes, and includes any hotel, inn, tourist home or house, motel, studio hotel, bachelor hotel, lodginghouse, roominghouse, apartment house, dormitory, public or private club, mobile-home or house trailer at a fixed location, or other similar structure or portion thereof." " 'Transient' means any person who exercises occupancy or is entitled to occupancy by reason of concession, permit, right of access, license or other agreement for a period of less than thirty consecutive calendar days, counting portions of calendar days as full days, any such person so occupying a space in a hotel shall be deemed a transient until the period has expired unless there is an agreement in writing between the operator and the occupant providing for a longer period of occupancy."

We fail to see how, as Petitioners assert, these terms render the Ordinance "hopelessly circular" or mean the TOT would be due "even in some genuine permanent residency situations" because the definition of "hotel" includes the terms "dwelling" and "lodging." Indeed, the Ordinance does not attempt to impose the TOT on the basis of either the type or location

of the property. (Cf. *City of Pomona, supra*, 223 Cal.App.3d at pp. 279–280 [vagueness problem compounded by the fact ordinance did not contain definition of "transient lodging accommodations" and City had removed "the prior 60-day and 30-day definitions of what constitutes a transient"].) Rather, the Ordinance imposes the tax on *persons* defined as "transient," and clearly identifies such persons as anyone occupying a "hotel" for a period of less than 30 consecutive calendar days. And as respondents point out, Courts of Appeal have rejected vagueness challenges to TOT ordinances containing substantially the same language as the Ordinance. (*Gilroy, supra*, 97 Cal.App.4th at pp. 490–491 [although "definitions of 'hotel' and 'occupancy' refer to 'dwelling' as well as 'lodging or sleeping' purposes" there is no vagueness problem because "the tax applies solely to those who occupy a hotel 'for a period of thirty (30) consecutive calendar days or less[,]' . . . [and] the hotel guest is invariably deemed to be a transient until the first 30 days have passed, even if he or she appears to be 'dwelling' in the hotel for that period"]; *City of Vacaville, supra*, 124 Cal.App.4th at p. 745 [no vagueness problem because "this ordinance, like the one in *Gilroy*, clearly states that a guest is a transient until the first 30 days have past if he or she has no written agreement"].) In sum, we conclude the definitions in the Ordinance are not vague.[2]

## II

■ Petitioners contend the TOT violates the equal protection clause of the United States Constitution. Principles of equal protection require "that persons who are similarly situated receive like treatment under the law and that statutes may single out a class for distinctive treatment only if that classification bears a rational relationship to the purposes of the statute. Thus, if a law provides that one subclass receives different treatment from another class, it is not enough that persons within that subclass be treated the same. Rather, there must be some rationality in the separation of the classes." (*City of Pomona, supra*, 223 Cal.App.3d at p. 274.) Moreover, "[i]n examining the propriety of a tax, the 'rational basis' test is applied. Under that test, courts will look for a rational basis for the class of persons selected to pay the tax. Additionally, the classification must bear a reasonable relation to a legitimate governmental purpose. Arbitrary and capricious classifications are not permitted. [Citation.] The persons who are to pay the tax must be a 'reasonably justifiable subclassification' of persons; otherwise, 'the operation of the tax

---

[2] We also reject Petitioners' contention that the definition of "transient" is rendered vague because the enabling statute allows cities to tax "the privilege of occupying a room . . . in a hotel . . . or other lodging unless the occupancy is for a period of more than 30 days." (Rev. & Tax. Code, § 7280, subd. (a).) Although the statute does not allow the City to tax occupancies longer than 30 days, it does not follow that the Ordinance is rendered vague because it chose to impose the tax on occupancies of "less than thirty consecutive calendar days."

must be such as to place liability therefor equally on all members of the class.' " (*Ibid.*, italics omitted.)

Petitioners contend the Ordinance improperly classifies for taxation "persons who cannot afford month-to[-]month housing and can only afford residing at a motel on a day[-]to[-]day basis." Petitioners misinterpret the Ordinance. The Ordinance does not impose the TOT on the basis of the type of property occupied by a person or on the basis of the arrangement under which a person occupies the property. Under the plain language of the Ordinance, a person residing at a hotel on a day-to-day basis for a period of 30 days or more *will not pay* the tax. Rather, the tax applies equally to all "transients," i.e., those occupying a room in any "hotel" for a period of less than 30 calendar days. The City's classification provides a rational distinction between transient and nontransient residents.[3]

However, Petitioners contend this classification, even if rational, bears no reasonable relation to achieving a legitimate governmental goal. This contention was laid to rest long ago in *Gowens v. City of Bakersfield* (1961) 193 Cal.App.2d 79 [13 Cal.Rptr. 820]. There, the Court of Appeal considered whether Bakersfield's TOT "establishes a proper classification or demarcation between 'transients' and permanent lodgers, which former term is defined to be lodgers occupying motels, hotels, etc., for less than 30 days. Permanent lodgers are those occupying such motels, hotels, etc., for a greater period and they are exempt from such taxation." (*Id.* at p. 83.) The court recognized a legitimate legislative purpose in the classification, namely " 'to impose a tax on charges made for lodgings of the short period or stop-over type traditionally provided by inns or hotels, as distinguished from lodgings for longer periods, which assume the character of residence.' " (*Id.* at p. 84.) The court concluded "this is a proper constitutional classification or demarcation for taxing purposes." (*Id.* at p. 83.) In sum, Petitioners' equal protection argument is without merit.

### III

Petitioners contend the Ordinance "is void by way of preemption of state law" because the City's definition of "transient" contradicts the statutory

---

[3] Petitioners' reliance on *City of Pomona*, is misplaced. There, the Court of Appeal held there was no rational basis for the "subclassification of persons selected by the City to pay the [TOT], i.e., persons who live in 'transient-type' accommodations" (*City of Pomona, supra,* 223 Cal.App.3d at p. 277) because payment of the TOT depended on "the type of building the person lives in, the arrangement such person has with the owner for payment of the rent and the location of the 'hotel.' " (*Id.* at p. 274.) By contrast, payment of the City's TOT depends solely on the duration of occupancy.

definition set forth in Revenue and Taxation Code section 7280, subdivision (a).[4] This contention is baseless.

■ The California Constitution permits a county or city to " ' "make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." [¶] "If otherwise valid local legislation conflicts with state law, it is preempted by such law and is void." [Citations.] [¶] "A conflict exists if the local legislation ' "duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication." ' " [Citations.] [¶] Local legislation is "duplicative" of general law when it is coextensive therewith. [Citation.] [¶] Similarly, local legislation is "contradictory" to general law when it is inimical thereto. [Citation.] [¶] Finally, local legislation enters an area that is "fully occupied" by general law when the Legislature has expressly manifested its intent to "fully occupy" the area [citation], or when it has impliedly done so in light of one of the following indicia of intent: "(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the" locality [citations].' " (*City of San Bernardino, supra*, 59 Cal.App.4th at p. 242.)

■ Here, the City's TOT ordinance poses no conflict with state law. The Ordinance neither duplicates, contradicts, nor enters an area fully occupied by state law. In fact, far from manifesting an intent to fully occupy the field, the Legislature instead ceded to cities and counties the ability to levy taxes on the occupancy of rooms in hotels and other lodgings "unless the occupancy is for a period of more than 30 days." (Rev. & Tax. Code, § 7280, subd. (a).) In other words, the Legislature intended to limit cities and counties from levying such tax on occupancies of more than 30 days. Nothing in the Ordinance contradicts or is inimical to that legislative intent because the TOT applies to persons who occupy hotel rooms for less than 30 consecutive calendar days. Accordingly, the City's ordinance is not preempted by state law.

---

[4] Revenue and Taxation Code section 7280, subdivision (a) states: "The legislative body of any city, county, or city and county may levy a tax on the privilege of occupying a room or rooms, or other living space, in a hotel, inn, tourist home or house, motel, or other lodging unless the occupancy is for a period of more than 30 days. The tax, when levied by the legislative body of a county, applies only to the unincorporated areas of the county."

## Disposition

The petition for extraordinary relief is denied. The City is awarded costs incurred in these proceedings.

McGuiness, P. J., and Pollak, J., concurred.

Petitioners' petition for review by the Supreme Court was denied July 11, 2007, S152909.