In re Bobby W. GEORGE, and Ariel D. George, Debtors.

Bobby W. GEORGE, and Ariel D. George, Appellants,

v.

CALIFORNIA STATE BOARD OF EQUALIZATION, Appellee.

BAP No. EC 87–2093.
Bankruptcy No. 285–02043 D–7.
Adv. No. 285–0352.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 20, 1988.

Decided Feb. 22, 1989.

---

John H. Knowles, Sacramento, Cal., for appellants.

Robert D. Milam, Deputy Atty. Gen., Sacramento, Cal., for appellee.

Before PERRIS, MOOREMAN and RUSSELL, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge:

The debtors/appellants ("debtors") appeal from a judgment in favor of the appellee which determined that certain "tax" liabilities imposed upon the debtors were nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).[1] We affirm.

## FACTS

The debtors were the sole shareholders and officers of Edgemark, Inc., a corporation engaged in the retail sale of furniture and home furnishings. In March 1985, the debtors voluntarily transferred all of the assets of Edgemark to Feather River State Bank in satisfaction of certain loans.

On May 29, 1985, the debtors filed a joint Chapter 7 petition. On the same date, the California State Board of Equalization (appellee) assessed taxes against the debtors under Cal.Rev. & Tax Code § 6829.[2] The appellee asserted that as "responsible officers" of their corporation, the debtors were personally liable for the sales tax liabilities of Edgemark.[3] The debtors' amended schedules listed the appellee's claim as an

---

1. All references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* unless otherwise indicated.

2. Cal.Rev. & Tax Code § 6829(a) provides:
(a) Upon termination, dissolution, or abandonment of a corporate business, any officer or other person having control or supervision of, or who is charged with the responsibility for the filing of returns or the payment of tax, or who is under a duty to act for the corporation in complying with any requirement of this part,

shall be personally liable for any unpaid taxes and interest and penalties on those taxes, if such officer or other person willfully fails to pay or to cause to be paid any taxes due from the corporation pursuant to this part.

3. The claimed tax liability arose from Edgemark's failure to pay the applicable sales tax on its reported gross receipts accruing after July 1, 1984.

unsecured debt in the amount of $10,935.28.

■ On August 8, 1985, the debtors filed a complaint against the appellee, seeking a determination that the appellee's claim was dischargeable because it did not fall within the § 523(a)(1)(A) exception to discharge. The relevant facts were undisputed and both parties submitted trial briefs, whereupon, the proceeding was deemed submitted. The bankruptcy court determined that the tax would be considered an "excise tax" under § 507(a)(7)(E) and, therefore, nondischargeable under § 523(a)(1)(A).[4] The debtors' filed a timely notice of appeal.

## DISCUSSION

■ The sole issue in this appeal is whether any personal liability imposed under Cal.Rev.Tax Code § 6829 is a "tax" for purposes of determining dischargeability under § 523. The debtors argue that the language of § 6829 refers to the obligation imposed on officers of a corporation as a *"personal liability"* which indicates that the obligation does not purport to be a "tax."

In *In re Lorber Industries of California, Inc.,* 675 F.2d 1062, 1066 (9th Cir.1982) the Ninth Circuit defined generally a tax for purpose of section 64(a) of the Bankruptcy Act (the predecessor to section 507(a)(7) of the Code) as follows:

(a) An involuntary pecuniary burden, regardless of name, laid upon individuals or property;

(b) Imposed by, or under authority of the legislature;

(c) For public purposes, including the purposes of defraying expenses of government or undertakings by it;

(d) Under the police or taxing power of the state.

The court in *Lorber* further emphasized the involuntary nonconsensual nature of a tax obligation. *Id.* The personal liability of the debtor in question is an involuntary pecuniary burden imposed by the legislature under the taxing power of the state for public purposes. Accordingly, under the general definition of "tax" for dischargeability purposes, the debtors' liability is properly considered a tax.

Although there is a paucity of case law specifically addressing the issue of whether the type of liability established by § 6829 is a tax, the case law which does exist supports the conclusion that a corporate officer's liability under § 6829 is a tax. In *In re Baxter,* 82 B.R. 903, 905 (Bankr.S.D. Ohio 1988), the bankruptcy court implicitly recognized that the liability imposed by a similar state statute against a corporate officer was a "tax" when it held that the debtor's Chapter 13 plan must provide payment in full for the personal liability pursuant to § 1322(a)(2). In *Groetken, supra,* although the court did not explicitly address this issue, the court evaluated the

---

**4.** There may be a question as to whether the bankruptcy court correctly determined that the "sales tax" in this case should be considered an "excise tax" under § 507(a)(7)(E) rather than a "trust fund tax" under § 507(a)(7)(C) or "a tax on or measured by gross receipts" under § 507(a)(7)(A). The fact that under state law, sales taxes are *generally* considered excise taxes, is not dispositive of the above issue. *See e.g. In re Groetken,* 843 F.2d 1007 (7th Cir.1988) (discussing that the issue of whether such tax legislation falls within any one section of § 507 may ultimately be a question of federal law).

In *In re Shank,* 792 F.2d 829 (9th Cir.1986), (the Ninth Circuit determined that a sales tax that the debtor was required to collect from purchaser on retail sales and forward to the Washington Department of Revenue was a "trust fund sales taxes" under § 507(a)(7)(C). *See also In re De Chiaro,* 760 F.2d 432 (2d

Cir.1985). In *Groetken, supra,* the Seventh Circuit determined that a retailers occupation tax of 5% of the gross receipts that was imposed directly on the retailer was a tax on or measured by gross receipts under § 507(a)(7)(A). In *Livingston Rock & Gravel Co. v. De Salvo,* 136 Cal.2d 156, 288 P.2d 317, 319 (1955) the court determined that the California sales tax in question was an excise tax. We note that the tax at issue in this case is more akin to the occupation tax in *Groetken* rather than the sales tax in *Shank* because the tax was imposed upon the retailer rather than the purchasers and was measured by gross receipts. *See* Cal.Rev.Tax Code § 6051. This distinction, however, is not crucial to the instant case since the obligation arose within three years of the petition filing and thus the "staleness" exception to nondischargeability under § 523(a)(1)(A) and § 507(a)(7)(E) is not at issue.

dischargeability of the personal liability of a responsible officer for a corporation's unpaid occupation tax. Although *Groetken* ultimately held that the debt was dischargeable on "staleness" grounds, it implicitly recognized that the personal liability of responsible officers may be a nondischargeable "tax".

Further support for a determination that the debtors' liability under § 6829 is a nondischargeable tax is found in cases construing an analogous federal statute which imposes personal liability on corporate officers who fail to collect and pay over withholding taxes. The Supreme Court has determined that the debt arising from a corporate officer's liability for unpaid withholding taxes was "unquestionably 'taxes'." *United States v. Sotelo*, 436 U.S. 268, 275, 98 S.Ct. 1795, 1800, 56 L.Ed.2d 275 (1978) (interpreting the application of Bankruptcy Act § 17(a)(1)(e), the forerunner of § 523(a)(1)(A)). The Court also stated, "[t]hat the funds due are referred to as a 'penalty' when the Government later seeks to recover them *does not alter their essential character as taxes for purposes of the Bankruptcy Act ....*" *Id.* (emphasis added). *See also Matter of Clark*, 64 B.R. 437, 440 (Bankr.M.D.Fla.1986) (debtor's liability as a corporate officer for unpaid payroll taxes pursuant to Internal Revenue provision was "tax" rather than "tax penalty" and therefore nondischargeable under § 523(a)(1)(A)); *In re Clate*, 69 B.R. 506 (Bankr.W.D.Pa.1987) (individual debtor, who was sole responsible person of corporation which did not pay wage taxes was personally liable and such debt was found nondischargeable under § 523(a)(1)(A)).

## CONCLUSION

For the above reasons, we determine that the personal liability imposed on the debtors' as responsible officers under § 6829 is a tax for purposes of determining dischargeability under § 523(a)(1). Accordingly, we affirm.

MOOREMAN, Bankruptcy Judge, dissenting.

I am unable to agree with the majority's disposition in the instant case. The bankruptcy court determined that the personal liability imposed upon the debtor pursuant to Cal.Rev. & Tax Code § 6829 (hereinafter § 6829), was an "excise tax" under 11 U.S.C. § 507(a)(7)(E) and was therefore nondischargeable pursuant to § 523(a)(1). As a relatively new statute, there is virtually no case law directly addressing the issue before this Panel, and in essence this is tantamount to a test case.[1]

It is well recognized that § 523 entails specific *federal* causes of action for holding certain debts nondischargeable. Such debts include certain taxes as set forth in § 507(a)(7). *See* 11 U.S.C. § 523(a)(1). Within § 507(a)(7), subsection (E) pertains exclusively to certain "excise taxes." Excise taxes are generally defined as a "tax" on the privilege of conducting a retail business measured by the gross receipts from sales, or in other words a "transactional tax." These taxes are ultimately passed on to the consumer. *See, e.g., Livingston Rock & Gravel Co., Inc. v. DeSalvo*, 136 Cal.App.2d 156, 288 P.2d 317 (1955); Cal. Rev. & Tax Code §§ 6051, 6066, 6067. Such excise taxes are ultimately imposed upon the entity or individual actually conducting the retail business. The debtor in the instant case was not such an entity, rather, the debt sought to be declared nondischargeable arose out of the *personal liability* imposed upon the debtor by state statute.

There is absolutely no language within, or legislative history regarding §§ 507(a)(7)(E) or 523(a)(1) which would indicate that Congress intended the personal liability of a corporate officer to fall within the scope of § 507(a)(7)(E), or within the

---

**1.** The appellants state that the issues of "control or supervision of filing returns" and "willfulness" behind the failure to pay the tax, were not before the trial court and that the appellants are protected by their right to appeal the appellee's allegations of willfulness in state court.

notion of nondischargeable debts set forth in § 523(a)(1).

Indeed, all of the cases cited as analogous by the majority disposition which dealt with the issue of nondischargeability, involved taxes generally determined to be *"trust fund taxes"* [2] pursuant to § 507(a)(7)(C). Section 507(a)(7)(C), however, is expressly distinguishable from § 507(a)(7)(E), because it specifically includes those taxes "for which the debtor is *liable in whatever capacity."* 11 U.S.C. § 507(a)(7)(C) (emphasis added); *see also* S.Rep. No. 95–989, 95th Cong, 2d Sess. 71–72 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5857–5858 (discussing the liability of responsible corporate officers under this subsection for trust fund taxes). Thus, the cases relied upon by the majority are distinguishable and do not support the bankruptcy court's determination of nondischargeability.

Without some indication that Congress intended the *personal liability* of corporate officers for the payment of *excise taxes* under § 507(a)(7)(E), to be held nondischargeable, I am unable to join in the extension of § 523 liability proposed by the majority's disposition. Under such an extension, the effect of § 6829 is to create a nondischargeable debt based solely on a state statute [3] and contrary to the recognized notion that § 523 nondischargeability involves specific federal causes of action. *E.g. In re Fulwiler,* 624 F.2d 908, 910 (9th Cir.1980).

---

**2.** "Trust fund taxes" generally include *wage withholding* taxes whether state or federal.

**3.** Reliance on state statutes creating nondischargeable debts will also lead to un-uniform application of § 523 depending on whether the respective state enacts such a provision.