[No. C036346. Third Dist. Oct. 30, 2001.]

STATE BOARD OF EQUALIZATION, Plaintiff and Respondent, v. STANLEY WIRICK, Defendant and Appellant.

**COUNSEL**

Boutin, Dentino, Gibson, DiGiusto, Hodell & West, Robert D. Swanson and Peter M. Williams for Defendant and Appellant.

Bill Lockyer, Attorney General, Timothy G. Laddish, Assistant Attorney General, Lawrence K. Keethe and Molly K. Mosley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**—Stanley Wirick appeals from a summary judgment in favor of the State Board of Equalization (the Board) in the amount of $431,894.20 in sales tax, interest, and penalties. Wirick contends the provisions of Revenue and Taxation Code section 6829 (all further section references are to this code unless otherwise specified), imposing personal liability on corporate officers upon termination of the corporation for the corporation's unpaid sales tax, does not apply to him as he resigned his position with Softron International, Inc. (Softron) over one year before the corporation ceased business. He further contends the Board's interpretation of section 6829 would make the statute unconstitutionally vague for failure to give fair notice of liability.

Wirick's contentions rely on the statute's use of the present tense in describing responsible officers. Because the Legislature has directed, in the Revenue and Taxation Code, that the present tense includes the past tense, section 6829 covers former officers, as well as those in charge when the corporation ceases. We affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

In 1989, Wirick and two partners formed a partnership to manufacture and sell a water-softening device. Later that year they conveyed the assets of the partnership to a corporation, Softron. Softron manufactured and sold water-softening devices, adding sales tax reimbursement to the sales price. Softron failed to pay sales tax due the Board from November 1, 1989, through June 30, 1991.

Wirick was chief financial officer of Softron during this period. He was paid over $120,000 in 1991 and owned 30 percent of the common stock. He had authority to draw checks on Softron's bank account. From January thorough August 1991, Softron paid other creditors millions of dollars.

Wirick resigned from Softron in August 1991. He knew then that Softron owed sales tax. In October, Wirick sold his common stock to Ray Masten and Lorne Bay. He bargained for and received an indemnification from them for any liability for Softron's unpaid taxes. Sometime after this sale but before May 1995, Softron was terminated, abandoned, or dissolved.

On May 11, 1995, the Board issued a notice of determination for Wirick's personal liability for Softron's unpaid sales tax, interest, and penalties. Wirick petitioned for redetermination and the Board issued a notice of redetermination on May 1, 1998. In June 1999, the Board issued a certificate of delinquency. Wirick failed to pay any of the amount due. One month later, the Board brought suit to collect the delinquency.

The Board moved for summary judgment, contending it had established Wirick's personal liability as a responsible officer of Softron for payment of sales tax, interest, and penalties owed by Softron.

In opposition, Wirick did not contest any of the facts the Board claimed as undisputed. Instead, he argued that as a former officer of Softron, he could not as a matter of law be held personally liable under section 6829 for Softron's unpaid sales tax.

The trial court rejected Wirick's argument that section 6829 limited liability to those who were corporate officers at the time of dissolution. It awarded the Board $431,894.20.

DISCUSSION

I

For the privilege of selling tangible personal property at retail, California imposes a tax on the retailer's gross receipts from the sale of tangible personal property. (§ 6051.) Softron made retail sales of tangible personal property, but failed to pay the sales tax due. The Board seeks to collect the tax, plus interest and penalties, from Wirick, on the basis that he was responsible for paying Softron's sales tax. The Board relies on section 6829.

Section 6829 provides that upon termination, dissolution, or abandonment of a corporation or certain other business entities, the person having control or supervision of or responsibility for filing returns and paying taxes, shall be personally liable for unpaid taxes, interest, and penalties, if such person willfully failed to pay or cause to be paid any taxes due. (*Id.*, subd. (a).) The officer shall be liable only for taxes that became due during the period he had control, supervision or responsibility. (*Id.*, subd. (b).) Personal liability may be imposed only if the Board can show that the corporation included tax reimbursement in the selling price of the tangible personal property. (*Id.*, subd. (c).) "[W]illfully fails to pay or cause to be paid" means the failure was the result of an intentional, conscious, and voluntary course of action. (*Id.*, subd. (d).) The sum due under this section may be collected by determination and collection in the manner set forth in chapter 5 (commencing with § 6451) and chapter 6 (commencing with § 6701). (§ 6829, subd. (e).)

The heart of this dispute is the proper interpretation of subdivision (a) of section 6829. That subdivision provides in pertinent part: "[U]pon termination, dissolution, or abandonment of . . . a domestic or foreign corporate . . . business, any officer, . . . or other person having control or supervision of, or who is charged with the responsibility for the filing of returns or the payment of tax, or who is under a duty to act for the corporation, . . . in complying with any requirement of this part, shall be personally liable for any unpaid taxes and interest and penalties on those taxes, if the officer, . . . or other person willfully fails to pay or cause to be paid any taxes due from the corporation, . . . pursuant to this part."

Wirick contends that based on the statute's words, tense, and structure, personal liability can be imposed only on officers, who at the time the corporation ceased, fail to cause the corporation to pay unpaid sales taxes. He contends the phrase "upon termination, dissolution, or abandonment," limits the period for determining who is a responsible person, as well

as when personal liability may be imposed. He argues the use of the present tense—"having control or supervision of," "is charged with," "who is under a duty"—indicates the determination of who is a responsible person is to be made "upon termination, dissolution, or abandonment."

The Board contends "upon termination, dissolution, or abandonment" is merely a condition precedent that describes the event that must occur before the statute comes into play. The use of the present tense does not limit the statute's application to those who were officers when the corporation ended because section 11 provides that in construing the Revenue and Taxation Code, "[t]he present tense includes the past and future tenses." Further, the Board argues Wirick's interpretation would allow the statute to be easily thwarted; an officer who diverted collected sales tax for a fly-by-night corporation to other creditors, or his own pocket, could avoid personal liability simply by resigning before the corporation ceased business.

■ "The applicable principles of statutory construction are well settled. 'In construing statutes, we must determine and effectuate legislative intent.' [Citation.] 'To ascertain intent, we look first to the words of the statutes' [citation], 'giving them their usual and ordinary meaning' [citation]. If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].) "If the Legislature has provided an express definition of a term, that definition ordinarily is binding on the courts. [Citations.]" (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].)

In construing a statute, we must follow the legislative mandate for construction. In *County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996 [78 Cal.Rptr.2d 272], the statute at issue was a portion of the Eminent Domain Law, Code of Civil Procedure section 1240.350, that provides: "Whenever a public entity acquires property for a public use . . . , the public entity may exercise the power of eminent domain to acquire such additional property . . . ." The trial court held the county lacked standing to bring the condemnation action because it had not yet acquired property for a public use; that acquisition was still in progress. The appellate court reversed, noting the trial court had replaced "acquires" with the past tense "acquired." "But even more significantly, the trial court appears to have not taken into account [Code of Civil Procedure] section 1235.050's legislative mandate that statutes found in title 7 of the Eminent Domain Law, of which [Code of Civil

Procedure] section 1240.350 is a part, be construed so that the 'present tense includes the past and future tenses; and the future, the present.' " (*Shelton, supra,* at p. 1011, fn. omitted.) When read in light of this directive, the statute plainly authorized the county's eminent domain proceeding. (*Id.* at p. 1012.)

Here, the legislative mandate for construction resolves any ambiguity in section 6829, subdivision (a). Wirick's interpretation of subdivision (a) of section 6829 is based largely on the Legislature's use of the present tense. The Legislature has also provided that unless the context otherwise requires, certain general provisions govern the construction of the Revenue and Taxation Code. (§ 5.) Among these is that "[t]he present tense includes the past and future tenses; and the future, the present." (§ 11.) Applying this construction, subdivision (a) of section 6829 provides in part as follows: "[U]pon termination, dissolution, or abandonment of . . . a domestic or foreign corporate . . . business, any officer, . . . or other person having [or who had] control or supervision of, or who is [or was] charged with the responsibility for the filing of returns or the payment of tax, or who is [or was] under a duty to act for the corporation, . . . in complying with any requirement of this part, shall be [or is] personally liable for any unpaid taxes and interest and penalties on those taxes, if the officer, . . . or other person willfully fails [or failed] to pay or cause to be paid any taxes due from the corporation, . . . pursuant to this part." Construing the present tense to include the past tense, the statute is unambiguous that personal liability may be imposed on a responsible person even if he is no longer with the corporation at termination.

Wirick does not address the effect of section 11 in the construction of section 6829. Indeed, he concedes the Legislature "certainly could have" written the statute to read that an officer who is or was charged with causing the corporation to pay sales tax is liable. Section 11 dictates that the Legislature did just that. In section 6829, subdivision (a), construing the present tense to include the past is not discordant in context; rather, it is in harmony with subdivision (b), which limits the officer's liability "only for taxes that became due during the period he or she had the control, supervision, responsibility, or duty to act for the corporation, . . ."

This interpretation of section 6829, allowing the Board to seek recovery from former as well as current officers of a terminated corporation, is consistent with other provisions of the Revenue and Taxation Code that provide for aggressive collection of sales tax. The Board may require security for tax liabilities (§ 6701), levy property (§ 6703), impose a tax lien

(§ 6756), issue a warrant for collection of tax (§ 6776), seize and sell personal property (§ 6796), and hold a purchaser of a business or stock of goods personally liable for unpaid tax if the purchaser failed to properly withhold from the purchase price to cover the tax liability (§ 6812). These remedies are cumulative. (§ 6827.) No legal proceeding may be instituted to enjoin the collection of sales tax. (§ 6931.) To contest liability the retailer must file a return, pay the tax, and seek a refund. (§§ 6901-6906.)

Wirick contends that if the Legislature had intended to impose personal liability upon officers who were not in charge when the corporation terminated, it would have followed the model of Unemployment Insurance Code section 1735. That section provides, in pertinent part: "Any officer, major stockholder, or other person, having charge of the affairs of a corporate . . . employing unit, who willfully fails to pay contributions required by this division or withholdings required by Division 6 . . . on the date on which they became delinquent, shall be personally liable for the amount of the contributions, withholdings, penalties, and interest due and unpaid by such employing unit. . . ."

Unemployment Insurance Code section 1735 makes an officer personally liable for unpaid contributions at any time, regardless of the corporation's status. It is undisputed that personal liability arises under Revenue and Taxation Code section 6829 for unpaid sales tax only "upon termination, dissolution, or abandonment" of the corporation. The Legislature chose, for whatever reason, to limit personal liability to when the corporation ceased. Perhaps because the Board has the ability to require security for sales taxes under Revenue and Taxation Code section 6701, to levy a retailer's property under Revenue and Taxation Code section 6703, and to impose a lien for unpaid taxes under Revenue and Taxation Code section 6757, the Legislature believed the Board had adequate remedies without personal liability of officers, until the corporation ceased to exist. Since the Legislature was addressing a different situation, it had no reason to adopt Unemployment Insurance Code section 1735 as a model.

Wirick contends the Board's interpretation of section 6829 would create a statute of limitations without limit as the Board could go back in time indefinitely to collect unpaid sales tax from former officers. We disagree. Subdivision (e) of section 6829 provides: "The sum due for the liability under this section may be collected by determination and collection in the manner provided in Chapter 5 (commencing with Section 6451) and Chapter 6 (commencing with Section 6701)." These chapters provide limitation periods for both a notice of deficiency and a suit to collect tax. Section 6487

provides a statute of limitations of three years, or eight years if no return was filed, for sending a notice of deficiency determination. Taxes are delinquent 30 days after the deficiency notice or 30 days after the order on the petition for redetermination. (§§ 6561, 6564.) Under section 6711, the Board may bring suit within three years after the delinquency of any tax.

Wirick contends section 6487 by its terms applies only to a "taxpayer" and a former officer is not a taxpayer; the corporation is. But these provisions are made applicable to the officer by subdivision (e) of section 6829. Wirick offers no persuasive reason why these limitations do not apply to liabilities under section 6829. Significantly, he does not raise a statute of limitations defense in his case.

The language of subdivision (a) of section 6829, construed in accordance with the mandate of section 11, provides for the personal liability of any responsible officer for unpaid sales tax upon termination, dissolution, or abandonment of the corporation. Since we have found the language of the statute clear, we need not resort to extrinsic aids to interpret it. Accordingly, we deny the requests of both the Board and Wirick that we take judicial notice of certain materials in the statute's legislative history.

As Wirick did not dispute any of the facts establishing that he was a responsible officer who willfully failed to pay or cause to be paid Softron's sales tax, the trial court did not err in granting summary judgment for the Board.

II

Wirick contends that the Board's interpretation of section 6829 must be rejected because such interpretation would render section 6829 unconstitutionally vague. A statute will be upheld against this challenge "if it (1) gives fair notice of the practice to be avoided, and (2) provides reasonably adequate standards to guide enforcement. [Citations.]" (*Fisher v. City of Berkeley* (1984) 37 Cal.3d 644, 702 [209 Cal.Rptr. 682, 693 P.2d 261].) Wirick argues section 6829 is unconstitutionally vague because it did not give him fair notice that he could be personally liable for Softron's unpaid taxes, interest, and penalties after he left the corporation.

A vague law is offensive for several reasons. "First, the person of ordinary intelligence should have a reasonable opportunity to know what is

prohibited. A vague law may trap the innocent by not providing fair warning. Second, a vague law impermissibly delegates the legislative job of defining what is prohibited to policemen, judges, and juries, creating a danger of arbitrary and discriminatory application. Third, a vague law may have a chilling effect, causing people to steer a wider course than necessary in order to avoid the strictures of the law." (*Ewing v. City of Carmel-By-The-Sea* (1991) 234 Cal.App.3d 1579, 1594 [286 Cal.Rptr. 382].)

■ The standards for certainty in a civil statute are less exacting than the standards for a criminal statute. (*Duffy v. State Bd. of Equalization* (1984) 152 Cal.App.3d 1156, 1173 [199 Cal.Rptr. 886].) " 'It is true that "[c]ivil as well as criminal statutes must be sufficiently clear as to give a fair warning of the conduct prohibited, and they must provide a standard or guide against which conduct can be uniformly judged by courts. . . ." [Citations.] However, " '[r]easonable certainty is all that is required. A statute will not be held void for uncertainty if any reasonable and practical construction can be given its language.' [Citation.] It will be upheld if its terms may be made reasonably certain by reference to other definable sources." [Citations.]' [Citation.] To be valid, a tax statute must prescribe a standard sufficiently definite to be understandable to the average person who desires to comply with it. [Citation.]" (*Ibid.*)

■ Section 6829 easily meets this standard. As discussed above, the reasonable and practical construction of its language, in light of section 11, is that upon termination of a corporation, any current or former officer may be personally liable for unpaid sales taxes of the corporation if the officer willfully failed to pay such taxes. Wirick's contention that he did not have fair notice of personal liability is unavailing. Regardless of the details pertinent to the application of section 6829, he had notice that he could avoid personal liability for Softron's sales taxes by seeing that such taxes were paid when due. When he left Softron, Wirick knew unpaid sales taxes were due. Further, his bargaining for indemnification for such tax liability indicates he had notice of potential liability. In his case, section 6829 was hardly a trap for the innocent.

After the Board filed the notice of determination against Wirick, it enacted a regulation interpreting section 6829. The regulation provides in part: "Any responsible person who willfully fails to pay or to cause to be paid, under circumstances set forth below, any taxes due from a domestic or foreign corporation or limited liability company pursuant to Part 1, Division 2, of the Revenue and Taxation Code shall be personally liable for any unpaid taxes and interest and penalties on those taxes not so paid upon termination,

dissolution, or abandonment of the corporate or limited liability business." (Cal. Code Regs., tit. 18, § 1702.5.)

Wirick contends this regulation is evidence that section 6829 failed to give fair warning because the Board had to rearrange the wording of section 6829 to achieve its interpretation. Wirick contends that by moving the phrase "upon termination, dissolution, or abandonment" to the end, the Board altered section 6829 and impermissibly expanded its scope. Since the regulation is compatible with the construction of the language of section 6829, we reject these contentions.

DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Callahan, J., concurred.