**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: DANIEL ILKO,

*Debtor,*

DANIEL ILKO,

*Appellant,*

v.

CALIFORNIA STATE BOARD OF
EQUALIZATION,

*Appellee.*

No. 09-60049

BAP No.
09-1119-JuRMo

ORDER

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Montali, Rimel, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted
June 6, 2011—Pasadena, California

Filed June 27, 2011

Before: Stephen S. Trott and Pamela Ann Rymer,
Circuit Judges, and Ralph R. Beistline, Chief District Judge.*

---

*The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for Alaska, sitting by designation.

## COUNSEL

A. Lavar Taylor, Law Offices of A. Lavar Taylor, Santa Ana, California, for the debtor-appellant.

Leslie Branman Smith, Deputy Attorney General for the State of California, San Diego, California, for the appellee.

## ORDER

We affirm the decision of the Bankruptcy Appellate Panel for the reasons stated in its Memorandum dated October 15, 2009, attached to this Order as the Appendix.

AFFIRMED.

**APPENDIX**

Case: 09-1119  Document: 009132410  Filed: 10/15/2009  Page: 1 of 24

FILED

OCT 15 2009

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

In re:                          )   BAP No.   SC-09-1119-JuRMo
                                )
DANIEL ILKO,                    )   Bk. No.   01-07056
                                )
            Debtor.             )   Adv. No.  08-90324
_____)
                                )
CALIFORNIA STATE BOARD OF       )
EQUALIZATION,                   )
                                )
            Appellant,          )
                                )
v.                              )
                                )
DANIEL ILKO,                    )   M E M O R A N D U M[1]
                                )
            Appellee.           )
_____)

Argued and Submitted on September 23, 2009
at Pasadena, California

Filed - October 15, 2009

Appeal from the United States Bankruptcy Court
for the Southern District of California

Hon. James W. Meyers, Bankruptcy Judge, Presiding.


Before:  JURY, RIMEL,[2] and MONTALI, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

[2]  Hon. Whitney Rimel, Bankruptcy Judge for the Eastern
District of California, sitting by designation.

Appellant California State Board of Equalization (the "Board") appeals the bankruptcy court's order granting summary judgment in favor of debtor Daniel Ilko in a proceeding relating to the discharge of California sales taxes.

More than two years after debtor received his chapter 7 discharge, the Board assessed debtor $105,334.49[3] as the responsible person for unpaid sales taxes owed by his corporation Executive Auto Sales, Inc. ("EAS"). After exhausting his administrative remedies, debtor reopened his bankruptcy case in June 2008 and filed an adversary complaint seeking a determination that his tax debt was discharged.

On cross motions for summary judgment, the bankruptcy court ruled for debtor, finding that the tax debt was discharged, presumably because it did not meet one or more of the requirements for a nondischargeable tax under §§ 523(a)(1) and 507(a)(8)(A)(iii).[4]

We follow the panel's prior decision in George v. Cal. State Bd. of Equalization (In re George), 95 B.R. 718 (9th Cir. BAP 1989) aff'd 905 F.2d 1540 (9th Cir. 1990) and hold that debtor's responsible person liability to the Board was a "tax"

---

[3] This amount consisted of $33,542.25 in tax, $47,442.23 in interest and $24,350.01 in penalties. The Board conceded that the penalty portion of the assessment was discharged.

[4] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, as enacted and promulgated prior to October 17, 2005, the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, April 20, 2005, 119 Stat. 23, as debtor's case was filed prior to its effective date.

for purposes of dischargeability under § 523(a)(1). We also follow, as we must, the panel's decision in Raiman v. State Bd. of Equalization (In re Raiman), 172 B.R. 933 (9th Cir. BAP 1994), which held that the California sales tax at issue here was a tax "on or measured by gross receipts" under § 507(a)(8)(A). Finally, we determine that debtor's tax liability was not assessed before, but still assessable under California law after the commencement of his case as required under § 507(a)(8)(A)(iii).

Accordingly, for the reasons set forth below, we hold that debtor's tax debt was excepted from discharge and REVERSE.

### I. FACTS

On May 1, 1993 debtor obtained a seller's permit in the name of EAS, a wholesale car dealership. Debtor was the president and majority shareholder for the business.

EAS was obligated to pay sales taxes to the State of California under Cal. Rev. & Tax Code § 6051[5], which imposes a tax on all retailers "[f]or the privilege of selling tangible personal property at retail. . . ." The Board audited the sales tax returns of EAS for the period of October 1, 1993 through September 30, 1996. As a result, EAS became indebted to the Board through a final assessment in the amount of $85,376.58 that became due and payable on June 20, 1997. EAS made some payments towards this assessment.

On July 3, 2001 debtor filed his chapter 7 bankruptcy

---

[5] All references to the Cal. Rev. & Tax Code are referred to below as the "Tax Code".

petition.  His Schedule F reflected the EAS tax debt to the Board as a contingent liability.  The debtor received his discharge on October 3, 2001.

On March 31, 2003 EAS ceased operations without paying the full amount of the audit assessment.

On November 10, 2005 the Board issued a dual determination for responsible person liability to debtor under Tax Code § 6829[6] for the unpaid portion of the audit assessment against EAS.  Debtor pursued his administrative remedies with the Board asserting, among other things, that the tax debt was discharged in his bankruptcy.  On August 7, 2008 the Board determined that the dual determination was timely and debtor's tax debt was not

---

[6]  Tax Code § 6829(a) provides:

Upon the termination, dissolution, or abandonment of the business of a corporation, partnership, limited partnership, limited liability partnership, or limited liability company, any officer, member, manager, partner, or other person having control or supervision of, or who is charged with the responsibility for the filing of returns or the payment of tax, or who is under a duty to act for the corporation, partnership, limited partnership, limited liability partnership, or limited liability company in complying with any requirement of this part, shall, notwithstanding any provision in the Corporations Code to the contrary, be personally liable for any unpaid taxes and interest and penalties on those taxes, if the officer, member, manager, partner, or other person willfully fails to pay or to cause to be paid any taxes due from the corporation, partnership, limited partnership, limited liability partnership, or limited liability company pursuant to this part.

-4-

discharged in his bankruptcy case.[7]

The bankruptcy court granted debtor's motion to reopen his bankruptcy case by order entered on June 23, 2008. On July 30, 2008 debtor filed an adversary complaint seeking a determination from the bankruptcy court that his responsible person tax liability was discharged. Debtor asserted, by way of motion for summary judgment, that the statute of limitations for assessment of his tax liability had expired prior to his bankruptcy filing.

The Board filed its cross motion for summary judgment on February 12, 2009, asserting that the statute of limitations for assessing the tax did not commence until EAS had ceased operations in March 2003, after debtor had filed his bankruptcy case. Thus, the Board argued the tax debt was nondischargeable under § 507(a)(8)(A)(iii) because the tax was not assessed, but remained assessable under California law.

The bankruptcy court ruled orally in debtor's favor at the hearing. The order granting summary judgment for debtor and denying the Board's motion was entered on April 27, 2009. The Board timely appealed the bankruptcy court's order.[8]

---

[7] The Board's decision did not preclude the bankruptcy court from exercising its exclusive jurisdiction to determine whether the debtor's tax liability was discharged. Sasson v. Sokoloff (In re Sasson), 424 F.3d 864, 873 (9th Cir. 2005).

[8] The Clerk's office for the Bankruptcy Appellate Panel filed an Order Re Waiver of Separate Judgment Requirement which required the Board to file and serve on opposing counsel a written response that a separate judgment had been issued by Friday, August 21, 2009. No separate judgment has been entered and, therefore, the separate document requirement is waived. Bankers Trust Co. v. Mallis, 435 U.S. 381, 388 (1978).

-5-

## II.   JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(I).  We have jurisdiction under 28 U.S.C. § 158.

## III.   ISSUE

Whether the bankruptcy court erred in finding that debtor's tax debt was discharged in his bankruptcy.

## IV.   STANDARD OF REVIEW

Since this case arises on summary judgment, the standard of review is de novo.  Marshack v. Orange Comm'l Credit (In re Nat'l Lumber & Supply, Inc.), 184 B.R. 74, 77 (9th Cir. BAP 1995).

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In making this determination, conflicts are resolved by viewing all facts and reasonable inferences in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## V.   DISCUSSION

The purpose of the discharge is to give the debtor a fresh start.  Grogan v. Garner, 498 U.S. 279, 286 (1991).  A chapter 7 debtor is generally granted a discharge of all debts that arose before the filing of the bankruptcy petition "[e]xcept as provided in section 523 of this title."  § 727(b).  "Most tax

-6-

claims are nondischargeable in bankruptcy." State Bd. of Equalization v. Leal (In re Leal), 366 B.R. 377, 380 (9th Cir. BAP 2007).

Section 523(a)(1)(A) makes certain tax debts nondischargeable in chapter 7, including those "of the kind" and for the periods specified in § 507(a)(8).[9] Section 507(a)(8)(A) gives unsecured tax claims priority if they are for a tax "on or measured by . . . gross receipts for a taxable year ending on or before the date of the filing of the petition" and are taxes "not assessed before, but assessable, under applicable law . . ., after, the commencement of the case."[10] § 507(a)(8)(A)(iii). Thus, relevant to this appeal, the general discharge under § 727(b) does not discharge a debtor from liability for a tax that was unassessed at the time debtor filed for bankruptcy but still assessable by law.

_____

[9] Section 523(a)(1)(A) provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed[.]

[10] An exception to this grant of priority are taxes excepted from discharge under § 523(a)(1)(B) (taxes for which no return was filed) and § 523(a)(1)(C) (taxes for which a false return was filed).

-7-

**A.    Debtor's Responsible Person Liability Is A "Tax" Under § 523(a)(1)**

We consider the threshold issue whether debtor's responsible person liability under Tax Code § 6829 for the unpaid sales taxes of EAS is a "tax" within the meaning of § 523(a)(1).

The Board contends that our prior decision in George, 95 B.R. 718 (9th Cir. BAP 1989) aff'd 905 F.2d 1540 (9th Cir. 1990) provides the answer to this question.[11] In George, the panel held that the debtor's personal liability under Tax Code § 6829 was a "tax" for purposes of nondischargeability under § 523. At oral argument, debtor's counsel conceded that George was controlling authority on this issue. Because we do not find George distinguishable from this case, we adopt its holding since we are bound by principles of stare decisis and follow our own decisions. See State v. Rowley (In re Rowley), 208 B.R. 942, 944 (9th Cir. BAP 1997) (stating that we are bound by prior Panel decisions).

Very briefly summarized, the panel in George applied the four-part test set forth in County Sanitation Dist. v. Lorber

---

[11] The panel's decision in George was affirmed by the Ninth Circuit in an unpublished decision, albeit for a different reason. George, 905 F.2d 1540 (9th Cir. 1990). Under 9th Cir. R. 36-3, citation to unpublished dispositions issued before January 1, 2007 may not be cited to or by the courts of this circuit except in certain circumstances, none of which apply here. The rule further provides that "Unpublished dispositions and orders of this Court are not binding precedent, except when relevant under the doctrines of law of the case, res judicata, and collateral estoppel." None of those doctrines is applicable to this appeal. Accordingly, we neither discuss the unpublished decision nor rely upon it.

-8-

Indus. of Cal. (In re Lorber Indus. of Cal.), 675 F.2d 1062, 1066 (9th Cir. 1982) to determine whether the debtor's personal liability under Tax Code § 6829 was a "tax" for purposes of nondischargeability. George, 95 B.R. at 720.  In Lorber, the Ninth Circuit defined a "tax" as:  (a) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (b) imposed by, or under authority of the legislature; (c) for public purposes, including the purposes of defraying expenses of government or undertakings by it; and (d) under the police or tax power of the state.  The panel concluded that the debtor's personal liability was a "tax" because it was "an involuntary pecuniary burden imposed by the legislature under the taxing power of the state for public purposes."  George, 95 B.R. at 720.[12]

In addition, we recognize the holding and rationale set forth in United States v. Sotelo, 436 U.S. 268, 275 (1978) as persuasive authority for deciding that debtor's responsible person liability under Tax Code § 6829 is a "tax" for purposes of nondischargeability.  In that case, the Internal Revenue

---

[12] Since our decision in George, 95 B.R. 718, the Ninth Circuit added a fifth element to the Lorber test in George v. Uninsured Employers Fund (In re George), 361 F.3d 1157, 1162-63 (9th Cir. 2004).  In that case, the court held that a claim asserted by a government entity is not a dischargeable excise tax if granting priority to the claim could disadvantage any private creditors with like claims under the relevant statute.  The addition of a fifth element has no effect on the disposition in this appeal.

-9-

Service assessed the debtor a penalty under 26 U.S.C. § 6672[13] for failing to pay over withholding taxes he had collected in his capacity as an officer of a corporation. The relevant statute, 26 U.S.C. § 6672, imposed personal liability on those individuals whose control over the financial affairs of a business entity required them to collect and pay over taxes withheld from employees.

The Court of Appeals found that the prior Bankruptcy Act's § 17(a)(1)(e), formerly codified at 11 U.S.C. § 35, the predecessor to § 523(a), and § 507(a)(7)(C) [now § 507(a)(8)(C)] was inapplicable to the debtor because he was not obligated by law to collect and withhold the taxes. The Supreme Court reversed, concluding that the debtor's liability under 26 U.S.C. § 6672 necessarily meant that as an officer he was supposed to "'collect, truthfully account for, and pay over' the taxes and that he willfully failed to meet one or more of these obligations." Id. at 274.

The court also observed that although the taxes were collected or withheld from the corporation's employees they were not paid over to the Government. Id. at 275. The court noted "[i]t is therefore clear that the [26 U.S.C.] § 6672 liability

---

[13] 26 U.S.C. § 6672 provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .

was not imposed for a failure on the part of respondent to collect taxes, but was rather imposed for his failure to pay over taxes that he was required both to collect and to pay over. Under these circumstances, the most natural reading of the statutory language leads to the conclusion that respondent 'collected or withheld' the taxes within the meaning of Bankruptcy Act § 17a(1)(e)." Id.

Finally, the court opined that the funds at issue were "unquestionably" taxes at the time they were collected and the Government's attempt to later recover them did not change their "essential character" as taxes for purposes of the Bankruptcy Act. Id. The court further found that the liability imposed under 26 U.S.C. § 6672 was not penal in nature, but rather was a means of ensuring that withholding taxes were paid. Id. Therefore, the court held that the fact that the personal liability was conditioned on the corporation's failure to pay [withholding taxes] did not render the tax liability dischargeable under section Bankruptcy Act § 17(a)(1)(e).

The court's reasoning in Sotelo is applicable here. Tax Code § 6829 and 26 U.S.C. § 6672 are similar. Debtor's liability for the unpaid sales taxes of EAS was established in the administrative hearing before the Board. The character of the funds as "taxes" did not change simply because the Board sought to recover them from debtor rather than EAS. Moreover, Tax Code § 6829 allows for the aggressive collection of sales taxes from responsible persons to ensure that they are paid over to the State of California. In sum, the fact that debtor's personal liability was conditioned on EAS's failure to pay the

-11-

taxes before its termination did not render debtor's tax liability dischargeable.

For all these reasons, we hold that debtor's responsible person liability for the unpaid sales taxes of EAS is a debt for a "tax" under § 523.

**B.  Debtor's "Tax" Debt Under § 523(a)(1) Is "Of the Kind" Specified In § 507(a)(8)**

Having established that debtor's liability is a tax under § 523(a)(1), we next consider whether it is "of the kind" specified in § 507(a)(8).  Section 507(a)(8) lists many types of taxes that are accorded priority including, but not limited to, taxes on or measured by income or gross receipts (subsection A); a tax required to be collected or withheld and for which the debtor is liable in whatever capacity (subsection C); and an excise tax (subsection E).

The Board contends that the responsible person tax liability imposed on debtor was "of the kind" specified in § 507(a)(8)(A) because it was a tax "on or measured by gross receipts".  The Board maintains we are bound by Raiman, 172 B.R. 933, which held that the California sales tax imposed under Tax Code § 6051 was a tax on or measured by gross receipts under § 507(a)(8)(A).

Debtor asserts the holding in Raiman was incorrect.  He contends that in Raiman the debtor posed the wrong question and that the test for determining whether a tax is a gross receipts tax is not whether there are deductions from the tax, but

-12-

instead what is the base on which the tax is imposed.[14] Debtor contends that the California sales tax does not meet the test laid out in Raiman for a gross receipts tax, i.e., a tax "on the entire earnings of a business."

The panel in Raiman was presented with, and decided, the exact question we are faced with here — whether the California sales tax imposed on a debtor under Tax Code § 6051 was a tax "on or measured by gross receipts" under § 507(a)(8)(A). Relying on traditional canons of statutory interpretation, the panel construed the phrase "gross receipts" in § 507(a)(8)(A) as sufficiently broad to encompass the California sales tax under Tax Code § 6051.

We agree with the Board that we are bound by Raiman under principles of stare decisis. Although Raiman did not involve responsible person liability under Tax Code § 6829, that distinction is irrelevant. Tax Code § 6829 does not differentiate what types of taxes a responsible person may be liable for, but simply imposes the liability on responsible persons when certain conditions are met. We also observe that it is a question of federal law whether the tax debt falls within the purview of § 507(a)(8). George, 95 B.R. at 720 n. 4. Therefore, we can properly rely on Raiman.

Although the issue was raised, the Raiman panel did not

---

[14] In Raiman, the debtor argued that to fall within the scope of a tax on "gross receipts" under § 507(a)(7)(A) [now § 507(a)(8)(A)], California's sales tax must be calculated based on the total receipts of a taxpayer, and that a tax on anything less than all of those receipts is not a tax on gross receipts and is therefore dischargeable. 172 B.R. at 939.

-13-

decide whether the California sales tax might also be an "excise tax" within the meaning of § 507(a)(8)(E). The bankruptcy court in George decided that the California sales tax was an excise tax, but the panel did not address that issue on appeal since the "obligation arose within three years of the petition filing and thus the 'staleness' exception to nondischargeability under § 523(a)(1)(A) and § 507(a)(7)(E) [now § 507(a)(8)(E)] [was] not at issue." 95 B.R. at 720 n. 4. Whether the California sales tax is an excise tax is an issue left open in this Circuit.

Debtor argues that debtor's personal liability for EAS's unpaid sales taxes, if a tax at all, is a dischargeable excise tax under § 507(a)(8)(E) because the look back periods had expired pre-bankruptcy.[15] At oral argument, the Board conceded that its claim against debtor for the unpaid sales taxes of EAS was an excise tax. Although not dispositive, California also describes the sales tax imposed under Tax Code § 6051 as an "excise" tax. Raiman, 172 B.R. at 940 citing Livingston Rock & Gravel Co. v. De Salvo, 136 Cal. App.2d 156, 288 P.2d 317, 319

---

[15] Section 507(a)(8) gives allowed unsecured claims of governmental units eighth priority for an

(E) excise tax on--

    (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

    (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition[.]

(Cal. Ct. App. 1955).  Finally, the Ninth Circuit explained that the term "'excise taxes' has traditionally been used in the United States to refer to taxes on 'the sale of a specified commodity' measured by value or quantity, such as alcohol, tobacco, or motor fuel, as opposed to taxes on income." George, 361 F.3d at 1163.  Taken together, the above discussion persuades us that the California sales tax falls under the umbrella of an excise tax.

Consequently, we perceive a potential overlap between the provisions for taxes "on or measured by gross receipts" under § 507(a)(8)(A) and excise taxes under § 507(a)(8)(E) which we must resolve since the two provisions can lead to conflicting consequences for debtor.  Under the gross receipts provision, debtor's tax debt is excepted from discharge, but under the excise tax provision it would be discharged as "stale".

We simply focus on the language of § 507(a)(8)(A) that refers to a "tax" which is "on or measured by gross receipts".  By its plain meaning, the word "tax" can include any type of tax, including an excise tax, so long as it is "on or measured by gross receipts".  Accordingly, without any defining characteristic or limitation on the word "tax" other than it be "on or measured by gross receipts", we conclude that the "tax" referred to in § 507(a)(8)(A) could very well be an excise tax or any other type of tax.

This interpretation is supported by the holding and public policy considerations espoused in Shank v. State Dep't of Revenue (In re Shank), 792 F.2d 829 (9th Cir. Wash. 1986).  In Shank, the Ninth Circuit held that not all sales taxes

-15-

automatically fall into § 507(a)(8)(E) — the excise tax provision — even though they may be classified as excise taxes. Rather, even if a sales tax is an excise tax, it may fall within another category of taxes listed in § 507(a)(8) depending upon the specific characteristics of the tax at issue and, as a matter of federal law, on a case-by-case basis. <u>Shank</u> teaches that the categories of taxes under § 507(a)(8) are not mutually exclusive and that a determination whether a tax falls within the scope of a particular category involves more than a mechanical per se application. We explain.

In <u>Shank</u>, the debtor-retailer was required by Washington law to collect sales tax on all retail sales and forward the collected funds to the Washington Department of Revenue (the "Department"). The debtor failed to forward the collected funds. When the business was discontinued in 1979, the debtor's total liability for sales taxes was in excess of $45,000. The debtor left the state and after filing for bankruptcy in 1984, instituted an adversary proceeding against the Department seeking a determination that the sales tax debt to the State of Washington was dischargeable.

The bankruptcy court granted summary judgment in favor of the Department. The bankruptcy court concluded that Congress intended the collected sales tax to be characterized as a trust fund tax and thus excepted from discharge under §§ 507(a)(6)(C) [now § 507(a)(8)(C)] and 523(a)(1)(A). The district court reversed the judgment of the bankruptcy court. The district court concluded that all sales taxes owed by sellers, including those collected by sellers and held in trust, were intended by

Congress to be characterized as excise taxes and dischargeable under § 507(a)(6)(E) [now § 507(a)(8)(E]. The Ninth Circuit reversed, concluding that the trust fund tax provision under § 507(a)(6)(C) [now § 507(a)(8)(C)] excepted from discharge those excise taxes required to be collected from third parties.

The court reasoned:

> A failing retailer should not be given incentive to default on sales tax obligations. If the obligation to the taxing authority can be discharged by a bankruptcy filing three years after the transaction giving rise to the tax, such an incentive to default will exist. For these reasons, we hold that Congress intended to differentiate between two categories of excise taxes and that the trust fund tax provision excepts from discharge those excise taxes required to be collected from third parties.

Thus, Shank demonstrates that sales taxes are excise taxes falling within two categories: those owed personally by a retailer, falling within § 507(a)(8)(E) (the excise tax provision) and those incurred by a retailer's customers which are collected by the retailer under the authority of the state, held in trust, and then remitted by the retailer to the state, falling within § 507(a)(8)(C) (the trust fund tax provision).

Applying similar policy considerations, we decide that the "tax" under § 507(a)(8)(A) can be viewed as a further differentiation between categories of excise taxes — here those sales taxes which are excise taxes and owed by a retailer, but which are also the kind of sales tax "on or measured by gross receipts".

In short, our conclusion is consistent with the statutory language in § 507(a)(8)(A) and our holding in Raiman. Accordingly, we hold that § 507(a)(8)(E) does not provide a safe

-17-

harbor for debtor when another category of nondischargeable taxes under § 507(a)(8)(A) squarely applies.

**C.   Debtor's Tax Liability Was Not Assessed, But Remained Assessable After the Commencement Of His Case**

The Board argues that debtor's tax liability was not discharged because both elements under § 507(a)(8)(A)(iii) — the tax was not assessed, but remained assessable — were met.  The Board's premise is simple:  because responsible person liability does not arise under Tax Code § 6829 until a corporation dissolves, terminates or abandons its business, the statute of limitations for issuing a notice of dual determination to a responsible person begins to run when the liability arises. Since debtor was not liable for the taxes until EAS ceased operations on March 31, 2003, which was after the July 3, 2001 commencement of his bankruptcy case, the Board asserts that the taxes were still assessable by law.

The Board further urges us to adopt the reasoning set forth In the Matter of Hosmer McKoon, 2007 WL 1932801, at *2 (Cal. State Bd. of Equalization 2007) in which it decided that the termination of the business which sold the property was the determining factor for when the statute of limitations begins to run for Tax Code § 6829 liability.  The Board in McKoon further determined that the return filed by the corporation could not be attributed to a different person because the limitation period for issuing a determination under Tax Code § 6829 could not commence prior to the time that the liability could be lawfully imposed.  Id.

In conducting our de novo review, we examine the provisions

-18-

8678                                    IN RE: ILKO

Case: 09-1119  Document: 009132410  Filed: 10/15/2009  Page: 19 of 24

of the relevant California tax law to determine whether the Board could have assessed debtor for the unpaid sales taxes of EAS after the commencement of debtor's bankruptcy case.

Tax Code § 6829 provides that upon termination, dissolution, or abandonment of a corporation or certain other business entities, the person having control or supervision of or responsibility for filing returns and paying taxes shall be personally liable for unpaid taxes, interest, and penalties, if such person willfully failed to pay or cause to be paid any taxes due. Tax Code § 6829(a). The language of this provision is plain and unambiguous. "[P]ersonal liability arises under section 6829 for unpaid sales tax only 'upon termination, dissolution, or abandonment' of the corporation." State Bd. of Equalization v. Wirick, 93 Cal. App. 4th 411, 418, 112 Cal. Rptr. 2d 919, 924 (Cal. Ct. App. 2001).

The California Court of Appeal in Wirick explained:

> The Legislature chose, for whatever reason, to limit personal liability to when the corporation ceased. Perhaps because the Board has the ability to require security for sales taxes under section 6701, to levy a retailer's property under section 6703, and to impose a lien for unpaid taxes under section 6757, the Legislature believed the Board had adequate remedies without personal liability of officers, until the corporation ceased to exist. Id.

Under Tax Code § 6829(e), as in effect prior to January 1, 2009[16], any sum due under Tax Code § 6829 "may be collected by

---

[16]  Tax Code § 6829 was amended effective January 1, 2009 to include subsection (f) which provides:

> (f) A notice of deficiency determination under this section shall be mailed within three years after the last day of the calendar month following the quarterly
> (continued...)

-19-

Case: 09-1119  Document: 009132410  Filed: 10/15/2009  Page: 20 of 24

determination and collection in the manner set forth in Chapter 5 (commencing with Tax Code § 6451) and Chapter 6 (commencing with § 6701)." Tax Code § 6829(e). These chapters provide limitation periods for both a notice of deficiency and a suit to collect a tax. Our focus here is only on the limitation period for the notice of deficiency.

Tax Code § 6487 provides a statute of limitations of three years, or eight years if no return was filed, for sending a notice of deficiency determination.[17] This section applies to

---

[16](...continued)
period in which the board obtains actual knowledge, through its audit or compliance activities, or by written communication by the business or its representative, of the termination, dissolution, or abandonment of the business of the corporation, [. . .] or, within eight years after the last day of the calendar month following the quarterly period in which the corporation [. . .] was terminated, dissolved, or abandoned, whichever period expires earlier. If a business or its representative files a notice of termination, dissolution, or abandonment of its business with a state or local agency other than the board, this filing shall not constitute actual knowledge by the board under this section.

[17] This section provides:

For taxpayers filing returns, other than a return filed pursuant to Section 6452.1, on other than an annual basis, except in the case of fraud, intent to evade this part or authorized rules and regulations, or failure to make a return, every notice of a deficiency determination shall be mailed within three years after the last day of the calendar month following the quarterly period for which the amount is proposed to be determined or within three years after the return is filed, whichever period expires the later. In the case
(continued...)

-20-

persons filing returns.  Debtor was not required to file a return.

Accordingly, debtor asserts that the plain language of Tax Code § 6487(a) mandates a ruling in his favor.  Debtor's theory is that the time periods prescribed in the statute do not begin with the "termination, dissolution, or abandonment" of the underlying business.  Rather, the statute of limitations is linked to the filing of, or failure to file, a tax return.  According to debtor, the time periods are inapplicable to him because he was not personally required to file a sales tax return as he was neither a retailer nor held himself out to be a retailer.  Debtor therefore concludes that the statute of limitations for his responsible person liability began to run at the same time that the statute of limitations began to run for that of his corporation EAS.

We are unpersuaded by debtor's plain meaning argument.  Not only does debtor fail to cite any case law in support of his argument, but his argument goes against the basic statutory construction principle that courts do not consider statutory language in isolation.  Instead, like the California courts, we "examine the entire substance of the statute in order to determine the scope and purpose of the provision, construing its

---

[17](...continued)
of failure to make a return, every notice of determination shall be mailed within eight years after the last day of the calendar month following the quarterly period for which the amount is proposed to be determined.

-21-

words in context and harmonizing its various parts." San Leandro Teachers Ass'n v. Governing Bd. of San Leandro Unified Sch. Dist., 46 Cal. 4th 822, 831, 209 P.3d 73, 79 (Cal. 2009)(quoting State Farm Mutual Automobile Ins. Co. v. Garamendi 32 Cal.4th 1029, 1043,88 P.3d 71, 78 (Cal. 2004)). Moreover, we read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." Id.

Debtor's personal liability for the unpaid sales taxes of EAS under Tax Code § 6829 cannot be imposed until the corporation terminates or abandons its business or dissolves. Tax Code § 6829 makes Tax Code § 6487 applicable to debtor by subdivision (e). The reasonable and practical construction of these statutes, read together, leads us to conclude that the Board has the better argument.

To summarize, first, the limitations period for imposing responsible person liability on debtor did not begin to run until EAS ceased operations in 2003. Second, there is no indication in the statutory scheme that debtor can bootstrap himself into a more favorable limitations period by attributing EAS's filed tax returns to himself, especially when EAS and debtor are viewed as separate persons under Tax Code § 6005.[18] Finally, debtor was an

---

[18] Tax Code § 6005 titled "Person" provides:

"Person" includes any individual, firm, partnership, joint venture, limited liability company, association, social club, fraternal organization, corporation, estate, trust, business trust, receiver, assignee for the benefit of creditors, trustee, trustee in bankruptcy, syndicate, the United States, this state, any county, city and county, municipality, district, or

(continued...)

officer of EAS and the provisions of Tax Code § 6487 are made applicable to officers by Tax Code § 6829(e).

Debtor further argues that cases imposing personal liability under federal tax law bolster his statutory interpretation. Debtor maintains that federal courts have held that the period of limitations for assessing "responsible persons" under 26 U.S.C. § 6672 for unpaid withholding taxes owed by a corporation is three years after the date on which the corporation filed its employment tax returns. See Lauckner v. United States, 68 F.3d 69 (3rd Cir. 1995). We do not follow this case law because in California the legislature has chosen, for whatever reason, to limit personal liability to when the corporation terminates, is abandoned or dissolves. Moreover, the legislature had not amended California Tax Code § 6829 to include subsection (f) until well after debtor's liability arose.

Debtor makes one final argument. He contends that the Board's decision in McKoon, WL 1932801, at *2, is neither persuasive nor entitled to our deference. Agnew v. Bd. of Equalization, 21 Cal. 4th 310, 322, 87 Cal. Rptr. 423 (Cal. 1999) (courts need not defer to any administrative understanding of the meaning of the Board's interpretation of the statutes and existing regulations). Since our independent determination on the question of law presented is consistent with McKoon regarding when the statute of limitations starts to run for responsible

[18](...continued)
other political subdivision of the state, or any other group or combination acting as a unit.

-23-

person liability, we need not delve any further into the Board's ruling in McKoon.

## VI.    CONCLUSION

Upon de novo review, and construing the evidence in a light most favorable to debtor, we conclude that the Board was entitled to summary judgment as a matter of law on its claim that the tax debt was excepted from debtor's discharge under §§ 523(a)(1)(A) and 507(a)(8)(A)(iii).

Accordingly, for the reasons stated above, we REVERSE.